Everton CROSBY a/k/a Antwaine Lonley James a/k/a Jimmy, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–9202–CR–28.

Court of Appeals of Indiana, First District.

Aug. 19, 1992.

Scott A. Danks, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Everton Crosby appeals his convictions of dealing in cocaine, a class A felony, and conspiracy to deliver cocaine, a class A felony. He contends the trial court erred in denying his request for discharge pursuant to Ind.Crim.Rule 4(B)(1). We agree.

The record reflects the following chronology of events. The State filed its information against Crosby on May 20, 1991, alleging, in a single count, that Crosby knowingly possessed cocaine in an aggregate amount in excess of three grams with the intent to deliver. On motion of defense counsel, the parties appeared before the court on August 12, 1991, at which time Crosby rejected the State's offer for a plea and moved for a speedy trial. The court determined that Crosby needed to be tried on or before October 21, 1991 and set the trial for September 30, 1991. The State indicated at this time that it "expected" it would file a charge of conspiracy with "quite a few" paragraphs, none of which had yet been prepared.

On September 17, 1991, the State moved for a continuance. Over the defendant's objection, the trial date of September 30, 1991 was vacated and Crosby's trial was reset for October 9, 1991. At the hearing on the State's motion, the State again indi-

cated it intended to file a conspiracy charge.

The State then proceeded to file count II against Crosby on September 26, 1991, two weeks before the scheduled trial, in which it alleged that Crosby conspired with three other individuals to deliver cocaine, a class B felony. The information avers thirty overt acts performed by the conspirators, covering five pages. The court conducted an initial hearing and scheduled an omnibus date of November 25, 1991. Standing upon his speedy trial motion on count I, Crosby requested a severance of count II for trial but the State resisted, demanding instead that the entire cause be continued. Crosby objected. The court granted a continuance, resetting both counts for trial on October 15, 1991.

On October 7, 1991, the State filed amended counts I and II. Amended count I alleges that Crosby delivered cocaine in excess of three grams rather than that he possessed with the intent to deliver. Count II was amended to reflect that the amounts involved were in excess of three grams and changed the substance of the allegations contained in paragraphs 13, 15, 17, 22, 27. The State expressly stated that the State's witnesses would remain the same. An initial hearing was held the following day. The court's docket then shows the following entries:

> 10/09/91 ... DEFENDANT INDI- CATES THAT HE HAS RECEIVED ADDITIONAL DISCOVERY TODAY AND HE CANNOT BE READY FOR TRIAL ON OCTOBER 15, BUT DOES NOT WISH TO WAIVE HIS SPEEDY TRIAL MOTION. TRIAL DATE OF OCTOBER 15 VACATED OVER DE- FENDANT'S OBJECTION. DELAY IS CHARGABLE (sic) TO STATE OF INDIANA. TRIAL RESET TO NO- VEMBER 11, 1991, AT 8 A.M.

> 10/10/91 ... ON MOTION OF STATE, HEARING IS HAD TO CLARIFY RECORD AS TO DEFENDANT RE- TAINING HIS RIGHT TO SPEEDY TRIAL. AFTER HEARING ARGU- MENT, THE COURT DETERMINES THAT TRIAL DATE OF OCTOBER

> 15 WAS VACATED DUE TO NEGLI- GENCE OF STATE IN FURNISHING INFORMATION TO ATTORNEY AND THAT ON OCTOBER 7 THE STATE SUBSTANTIALLY AMEND- ED CONSPIRACY CHARGES, MAK- ING DELAY IN TRIAL DATE CHARGABLE (sic) TO THE STATE.

The court does indicate at the hearing on October 9, 1991, that the court's docket is "jammed," commenting that "some of this [congestion] has happened because of very similar type things that have happened on this trial. Last minute changes, last minute pleadings, really harpooning the defense counsel." On October 10, 1991, the State specifically asked the court to take notice of its congested calendar and the fact that an emergency existed but the court created the docket entries recited above. The transcripts of all of the hearings on the delay, when taken together, reflect that the reason for the postponement beyond the seventy-day period was the State's late amendment of the charges and untimely production of such a substantial amount of discovery material as to prevent counsel from preparing in time for trial. At this point, the court's inability to reset the cause within the remaining six days of the seventy-day limit was due to a congested court calendar as well as defense counsel's inability to be prepared for trial given the volume of materials.

Crosby's motion for dismissal which was made on October 21, 1991 was denied. The motion alleges that Crosby received the State's "file" in response to his request for discovery on August 5, 1991; that on October 4, 1991, eleven days before trial, the State produced one hundred twenty-one (121) pages of material to be used by the State in prosecuting the cause; that on October 8, 1991, the day after the State amended counts I and II, it furnished an exhibit list containing seventy-seven potential exhibits; and that on October 9, 1991, the State furnished an additional one hundred seventy-seven pages of material. Included within this material, which the court described as "more than is in most case files," are police reports, telephone records,

lease agreements, and witness statements dated May and June, 1991.

Thereafter, on October 31, 1991, the State filed its witness list containing twelve additional witnesses including Crosby's alleged co-conspirators. Crosby again objected to the late filing and moved for a continuance to be charged to the State or in the alternative that the court deny the State permission to file the list. The court denied the motion for continuance. Trial began on November 11, 1991.

Criminal Rule 4(B) provides:

(B)(1) **Defendant in Jail—Motion for Early Trial.** If any defendant held in jail on an ... affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.... Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

■ We note at the outset of our analysis of the law that this case poses none of the demand-waiver problems we have so frequently addressed. Crosby sought no continuances and committed no acts which can be said to have caused delay. *Cf. Collins v. State* (1975), 163 Ind.App. 72, 321 N.E.2d 868. Under these circumstances, the rule provides that Crosby "shall be discharged," because he was not brought to trial within seventy days of his motion, unless "there was not sufficient

time to try him during such seventy (70) calendar days because of the congestion of the court calendar." The direction to discharge is mandatory; nothing will prevent the rule's operation save its own exceptions. *Stokes v. State* (1973), 157 Ind.App. 273, 299 N.E.2d 647, 649.

■ The express language of the exception does not preclude the interpretation sought by the State, namely, that a defendant need not be discharged if at any time during the seventy-day period there no longer remains sufficient time to *reschedule* a trial because of court congestion. This would include cases where the defendant obtains a trial date within the seventy-day period but with much of the seventy-day period remaining, the State for whatever reason must seek a brief continuance and, because of court congestion, the case cannot be scheduled within the seventy-day limit.

But, when read as a whole, other than reasons attributable to the defendant, the rule envisions only one justification for not bringing a defendant to trial within seventy days—court congestion. The rule authorizes the court to take note of congestion, and upon finding congestion, order a continuance, the implication being that the finding of congestion be the ground for the continuance. The sentence which follows contemplates the granting of such a continuance on the court's own motion *due to a congested calendar.* The drafters' choice of the language "due to" again connotes a causal relationship between the continuance and the congestion. When read in pari materia, the exception and sentences which follow permit a continuance on the court's own motion when necessitated by court congestion. In all other circumstances, the defendant shall be discharged if not brought to trial within the seventy days following his motion.[1]

---

**1.** To the best of our knowledge, none of our reported cases have dealt specifically with this issue. Those that have involved the matter of court congestion are not inconsistent with this interpretation. *State v. Bondurant* (1987), Ind. App., 514 N.E.2d 301, affirms a trial court determination that court congestion was not the true

cause of delay in a C.R. 4(C) case. Other cases generally identify two circumstances within the exception: those where the defendant is unable to obtain a trial date initially, having moved for a speedy trial, because, at the time of his motion, there was not an available date on the court's calendar, *see e.g. Gill v. State* (1977), 267

The facts relevant to the congestion exception in the present case show that the court's calendar was not congested on October 15, 1991, the date scheduled for trial within the seventy-day period. The trial was continued from that date because of the State's negligence in complying with discovery and its late addition and amendment of the charges. Contrary to the State's assertions, the record does not show two reasons for the delay itself. The court's docket entry unequivocally attributes the delay to the State. A court speaks through its order book entries, and such records import verity. *Epps v. State* (1963), 244 Ind. 515, 192 N.E.2d 459. *See also State ex rel. Mammonth Development and Construction Consultants, Inc. v. Superior Court* (1976), 265 Ind. 573, 357 N.E.2d 732, 733.

An interpretation in the present case favoring discharge is the only construction of the rule which maintains the rule's vitality. Even though the procedural right to a speedy trial is an amorphous concept, the violation of which is not susceptible to precise determination, *see generally Barker v. Wingo* (1972), 407 U.S. 514, 522–3, 92 S.Ct. 2182, 2187–88, 33 L.Ed.2d 101, the Indiana Supreme Court has sought to provide clarity by specifying in more definitive terms the point at which a defendant's Indiana constitutional right to a speedy trial can be said to have been abridged and discharge is required. *See Fossey v. State* (1970), 254 Ind. 173, 258 N.E.2d 616, 618–619. To adopt the interpretation now urged by the State would eviscerate the rule's bright-line mandate that an accused be brought to trial within seventy days or be discharged; in nearly every case court congestion can be expected to develop as the trial date nears. The State could avoid its duty to bring an accused to trial simply by waiting to act until it becomes apparent that the defendant can no longer be tried. Other application having the effect of abrogating the rule have similarly been rejected. *See*

Ind. 160, 368 N.E.2d 1159; *Tyner v. State* (1975), 166 Ind.App. 45, 333 N.E.2d 857, and those where the court has set a trial date within the seventy-day period but the defendant cannot be

*Fink v. State* (1984), Ind.App., 469 N.E.2d 466.

The State urges that Crosby has taken a position inconsistent with his demand for a speedy trial by insisting that he have adequate time to prepare. *Cf., again, Collins,* 321 N.E.2d 868. But a defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. *Barker,* 407 U.S. at 528, 92 S.Ct. at 2191. The State controls the timing of the charge; if it is unable to bring a defendant to trial within seventy days because of the complexity of the case, it can obtain more time to master the evidence by delaying the filing of the information or indictment. Moreover, it is the rigidity of the demand-waiver rules which accompany effectuation of the speedy trial right, *see Barker,* 407 U.S. at 528, 92 S.Ct. at 2191, in combination with the State's own failure to comply with reasonable timetables for discovery, which have placed Crosby in this precarious "inconsistent" position. By demanding an early trial, Crosby has been forced to forego some delay which may be helpful in preparing his case. Any request for additional time after his request for a speedy trial may be construed as inconsistent with his earlier request. *Minneman v. State* (1982), Ind., 441 N.E.2d 673, *cert. denied,* 461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307. Renewing his motion for a speedy trial, while perhaps necessary, *Cody v. State* (1972), 259 Ind. 570, 290 N.E.2d 38, *cert. denied,* 416 U.S. 960, 94 S.Ct. 1978, 40 L.Ed.2d 311, constitutes an abandonment of his request. *Minneman,* 441 N.E.2d at 677.

The State also urges us to find that an emergency existed, causing the delay. We reject this proposed analysis. First, the assessment of cause for delay is a factual determination to be made by the trial court. *State v. Smith* (1986), Ind. App., 495 N.E.2d 539, 542. The trial court made a factual finding that the reason for

brought to trial because of congestion on that date such that the court has no option but to set the trial for the next available date. *See e.g. Oliver v. State* (1982), Ind., 431 N.E.2d 98.

the delay was the State's negligence in complying with discovery and its late filing and amendment of the charges, not that an impending exigency demanded postponement. Second, the record does not support a finding of an emergency. At best, it shows that the Evansville prosecutor's office was working with a "new" police chief. However, it also establishes that the breakdown in communication between the prosecutor and police was not a one-time experience, having systematically occurred in other cases before the same trial judge. But, quirks in the line of communication notwithstanding, some of the responsibility for delay must lie with the prosecutor himself who knew two months in advance of the scheduled trial date that a conspiracy charge would be added yet waited until the moment before trial to release the substance of its allegations to the defense. Surely, the prosecution knew that proof of these allegations would require additional witnesses, e.g., the alleged co-conspirators, yet the prosecution expressly represented when it filed the additional count, that no additional witnesses would be called, and then, once trial of the cause became imminent, disclosed its intent to elicit evidence from these additional persons.

■ Under the facts and law as it now exists, by failing to comply with the mandates of Crim.R. 4(B), the State violated Crosby's Indiana constitutional right to a speedy trial per se. *Fossey*, 258 N.E.2d 616. The sole remedy for such a deprivation is discharge and dismissal. The failure to grant Crosby's request for discharge is reversible error.

Judgment reversed.

BAKER and BUCHANAN, JJ., concur.