Jason PATRICK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 71S03–0503–CR–115.

Supreme Court of Indiana.

May 10, 2005.

Neil L. Weisman, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Attorneys for Appellee.

PER CURIAM.

Jason Patrick pleaded guilty to Murder, Class B felony Battery, and Class C Criminal Confinement.[1] Following a sentencing hearing at which the trial court identified certain aggravating and mitigating circumstances, the trial court sentenced Patrick to 65 years for Murder, 20 years for Battery, and 8 years for Criminal Confinement, all to be served consecutively. This represented the maximum allowable combined aggregate term available.

The Court of Appeals reversed. *Patrick v. State*, 819 N.E.2d 840 (Ind.Ct.App.2004). It held Patrick's sentence violated the Sixth Amendment to the United States Constitution because some of the aggravating circumstances found by the trial court were not based on facts found to exist by a jury. *See id.* at 847–51 (discussing Patrick's sentence in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)). The Court of Appeals remanded the case "for resentencing in light of the valid aggravators and mitigators." *Patrick*, 819 N.E.2d at 850; *see also id.* at 850 n. 6 (rejecting State's re-

---

1. Murder carries a presumptive sentence of 55 years and up to 10 additional years for aggravating circumstances. *See* Ind.Code § 35–50–2–3(a). A Class B felony carries a presumptive sentence of 10 years and up to 10 additional years for aggravating circum-

stances. *See* Ind.Code § 35–50–2–5. A Class C felony carries a presumptive sentence of 4 years and up to 4 additional years for aggravating circumstances. Ind.Code § 35–50–2–6(a).

quest that case be remanded "for a jury determination on the aggravating circumstances" and instead remanding "for resentencing [by the trial court] in light of the remaining aggravating factors").

The Court of Appeals correctly decided Patrick must be resentenced in light of *Blakely*. *See Smylie v. State*, 823 N.E.2d 679 (Ind.2005). The Court of Appeals was incorrect, however, in ordering the trial court to resentence Patrick only in light of the aggravating factors that did not require a jury determination under *Blakely*. Those aggravating factors were invalid only because the facts underlying them had not been found by a jury, a defect that can be cured by a new sentencing hearing at which a jury determines whether the facts underlying those aggravating circumstances exist.

Accordingly, "[w]e reverse that part of [Patrick's] sentence that enhances the standard penalty and remand for a new sentencing hearing in which the State may elect to prove adequate aggravating circumstances before a jury or accept the statutory fixed term." *Smylie*, 823 N.E.2d at 691. As a third option, the State may elect to forgo the empanelling of a jury and stipulate to Patrick's being resentenced by the trial court only in light of the aggravating factors for which a jury determination is unnecessary under *Blakely* and *Smylie*. The Court of Appeals' opinion, except as noted herein,[2] is other-

wise summarily affirmed. Ind. Appellate Rule 58(A)(2).

All justices concur.

---

**2.** Judge Najam's opinion in *Patrick* holds that "the fact that the defendant was on probation at the time he committed the instant offense is derivative of the defendant's criminal history and, therefore, proper under *Blakely*." *Patrick*, 819 N.E.2d at 847. His opinion notes, however, a split within the Court of Appeals on this issue. *See id.* at 847–48 (discussing *Bledsoe v. State*, 815 N.E.2d 507, 508 (Ind.Ct. App.2004), and *Teeters v. State*, 817 N.E.2d 275, 279 (Ind.Ct.App.2004)). Judge Vaidik's concurrence expressly disagreed with this

portion of Judge Najam's opinion, *see id.* at 850–51 (Vaidik, J., concurring in part), and Chief Judge Kirsch's concurrence in part and dissent in part does not express agreement or disagreement on this point. Accordingly, *Patrick* does not constitute a majority opinion on whether a defendant's probation status at the time he commits a crime is or is not a fact that must be determined by a jury per *Blakely*, and we reserve for another day an explicit determination on that issue.