Justin L. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 40A01–0502–CR–72.

Court of Appeals of Indiana.

June 28, 2005.

Transfer Denied Aug. 25, 2005.

Jason J. Pattison, Jenner Auxier & Jacobs, LLP, Madison, for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Justin Smith appeals the sentence imposed after his plea of guilty to Dealing in Methamphetamine, a Class B felony.[1] He raises five issues on appeal, which we restate as:

1. Whether the State improperly failed to notify Smith of the aggravating factors it planned to use against him at the sentencing hearing;

2. Whether the separation of powers doctrine is violated when a trial court relies on a pre-sentence investigation report

---

**1.** Ind.Code § 35–48–4–2.

produced by the court's own probation department;

3. Whether Smith was improperly sentenced to an enhanced term without a jury finding aggravating circumstances;

4. Whether the trial court improperly relied at sentencing on evidence that would have been inadmissible at a jury trial; and

5. Whether Smith was deprived of due process by the cumulative effect of these individual errors.

We affirm.[2]

## FACTS AND PROCEDURAL HISTORY

After the State charged Smith with dealing methamphetamine and possession of precursors with intent to manufacture methamphetamine, he entered into a plea agreement with the State. Under the agreement, Smith would plead guilty to the dealing charge and the State would dismiss the charge of possession of precursors. The agreement provided Smith's sentence would be twenty years, with "Amount Suspended: Open" and "Actual Jail Time: Open." (App. at 38.)

The court sentenced Smith to twenty years pursuant to the plea agreement[3] but went on to say it felt

compelled in this case to go ahead and identify the aggravating and mitigating factors that the Court has identified and there may be authority in Indiana that even when the Defendant agrees to an aggravated sentence, the Court is still

required to find that there are facts to justify that.

(*Id.* at 221.)

It found as an aggravating circumstance Smith's criminal record, which included a felony conviction, a juvenile delinquency adjudication and a prior probation revocation. It also found there was a "well planned, large, and on-going manufacturing operation" (*id.* at 222); there were children in the vehicle where the methamphetamine manufacturing components were found; Smith committed the crime while free on bail or probation; and he was involved in a jail altercation he might have instigated. The court found as mitigators that Smith admitted his crime, he was cooperative with police when he was arrested, he was young, he had a G.E.D., and he was the product of a family of drug abusers. The court found the aggravators outweighed the mitigators "to justify the agreed upon aggravated sentence of 20 years." (*Id.* at 223.) The court suspended four years and ordered sixteen years served.

## DISCUSSION AND DECISION

Prior to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* —— U.S. ——, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), we reviewed our trial courts' sentencing decisions for an abuse of discretion. *See, e.g., Bocko v. State*, 769 N.E.2d 658, 667 (Ind.Ct.App.2002), *reh'g denied, trans. denied* 783 N.E.2d 702 (Ind. 2002). If a trial court used aggravating or

2. We heard oral argument at Tell City High School on May 10, 2005. We thank the School and the Perry County Bench and Bar for their hospitality and commend counsel for the quality of their oral advocacy.

3. Smith's sentencing hearing commenced on May 14, 2004, before *Blakely v. Washington*,

542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* —— U.S. ——, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004) was decided on June 24. The sentencing hearing concluded September 16, 2004, almost three months after *Blakely* was decided.

mitigating circumstances to modify the presumptive sentence, all we required the trial court to do was: (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *See id.*

 However, in *Blakely,* the Supreme Court held the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive sentence assigned by the legislature. 124 S.Ct. at 2536. "[T]he fact of a prior conviction" is an exception to that rule. *Id.* Accordingly, our trial courts no longer have discretion to sentence a criminal defendant to more than the presumptive sentence unless the defendant waives his right to a jury at sentencing,[4] a jury first determines the existence of aggravating factors, or the

defendant has a criminal history. *Smylie v. State,* 823 N.E.2d 679 (Ind.2005).[5]

### 1. *Notification of Aggravating Factors*

Smith asserts the State never filed a "Notice of Aggravating Circumstances" (Amended Appellant's Br. at 10) nor did it provide Smith such a notice. This, he asserts, does not comply with "the requirement of notice under the Sixth Amendment of the United States Constitution as described in *Blakely.*" (*Id.* at 10–11.) Smith does not support this assertion with a citation to *Blakely,* nor does he explain what "requirement of notice" either *Blakely* or the Sixth Amendment imposes with regard to aggravating circumstances offered at sentencing.

 As Smith does not assert there is an independent "Notice of Aggravating Circumstances" the State or the court is obliged to provide a criminal defendant, we must presume he is alleging he was not provided a copy of the presentence report

---

**4.** Regarding waiver, the majority in *Blakely* provided specifically:

> [N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial. We do not understand how *Apprendi* can possibly work to the detriment of those who are free, if they think its costs outweigh its benefits, to render it inapplicable.

124 S. Ct. at 2541 (internal citations omitted).

Smith agreed his sentence would be twenty years, with the amount suspended and the actual jail time "open." (App. at 38.) We do

not reach the question whether this amounts to "consent to judicial factfinding" as we agree with the State that Smith's sentence was not "enhanced." Smith agreed pursuant to his guilty plea that his sentence would be twenty years and he was sentenced to twenty years. There was no "enhancement." *See Bennett v. State,* 802 N.E.2d 919, 921–22 (Ind. 2004) (if the court accepts a plea agreement, it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than that required by the plea agreement).

**5.** We note Smith may have waived any allegations of error premised on the *Blakely* holdings. In order to rely on *Blakely* in a case not on direct appeal when *Blakely* was issued, a defendant was obliged to object at the sentencing hearing. *Smylie,* 823 N.E.2d at 690. Smith's sentencing hearing commenced on May 14, 2004, *Blakely* was decided on June 24, 2004, and the sentencing hearing was concluded on September 16, 2004. However, as explained below, we find Smith's sentencing does not implicate *Blakely.*

in a timely manner,[6] as information regarding aggravators the State might assert would be included therein. *See, e.g., Dillard v. State,* 827 N.E.2d 570, 576 (Ind. Ct.App.2005), ("There is only one purpose for filing a presentence investigation report, viz., to provide information to the court for use at individualized sentencing.").

◼ Failure to allow a defendant an opportunity to review, before he is sentenced, a presentence investigation report requires a remand for resentencing where the sentencing court relies on a part of the report. *Id.* at 11 (*citing Stanley v. State,* 273 Ind. 13, 401 N.E.2d 689 (1980)). *And see Carmona v. State,* 827 N.E.2d 588, 598–99 (Ind.Ct.App., 2005), (a sentencing court must utilize a presentence investigation report in determining a defendant's sentence, the contents of the report must be disclosed to the convicted person, and the convicted person should be afforded a fair opportunity to controvert material contained in the report).

In *Stanley,* the sentencing court referred to aggravating circumstances that were listed on a page of the presentence report that was not included in the copy of the report provided to Stanley's attorney before the sentencing hearing. Our supreme court determined remand was required because Stanley had been denied an opportunity to refute the information relied on by the trial court in arriving at the appropriate sentence. 273 Ind. at 20, 401 N.E.2d at 694.

◼ We find no error in the case before us. As explained above, the sentencing court could not have relied on aggravating factors in determining Smith's sentence, as it was bound by the terms of the plea agreement. The sentencing court was obliged to impose a twenty-year sentence pursuant to the agreement, and it could not have increased or reduced the sentence based on aggravating or mitigating circumstances. Smith therefore could not have been prejudiced even if the State failed to inform him of the aggravating factors it might assert. Further, Smith waived any such allegation of error by failing to object to the delivery or content of the report.

### 2. *Separation of Powers*

◼ Article three, section one of the Indiana Constitution provides: "The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." This doctrine recognizes that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government. *State v. Monfort,* 723 N.E.2d 407, 411 (Ind. 2000), *reh'g denied.*

A defendant convicted of a felony may not be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court. Ind.Code § 35–38–1–8. Probation officers are employees of the court. Ind.

---

6. The record does not reflect Smith objected to either the contents or timeliness of the delivery of the presentence report. At the guilty plea hearing on February 27, 2004, the judge told Smith he would "begin the process of preparing of what's called a pre-sentence investigation." (Appellant's App. at 106.) Smith responded "One's already been prepared, Your Honor," (*id.*) and Smith's counsel stated "We have a pre-sentence." (*Id.*) The judge then stated "the pre-sentence is completed and since [Smith] is incarcerated, I'll schedule a sentencing within 30 days." (*Id.*)

Code § 11–13–1–1. Because *Blakely* "obviously requires the adversary system to continue through the sentencing phase" (Amended Br. of Appellant at 8) in that aggravating circumstances must be proven to a jury, Smith argues it is inconsistent with the separation of powers doctrine to allow the report investigating aggravating factors to be prepared by the court's own employees.

Smith offers no authority to support this application of the separation of powers doctrine, and our independent research found none in Indiana. However, his premise appears to have been rejected elsewhere, at least prior to *Blakely*. For example, in *United States v. Boise*, 916 F.2d 497, 506 (9th Cir.1990), *cert. denied* 500 U.S. 934, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991), Boise contended the federal sentencing guidelines violated the separation of powers doctrine because when the probation officer recommended that the court apply the "vulnerable victim" guideline, the officer was an advocate as a member of the judicial branch. The *Boise* court noted that argument had been rejected in *United States v. Belgard*, 894 F.2d 1092, 1096–99 (9th Cir.1990), *cert. denied* 498 U.S. 860, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990), where the court held the probation officer's involvement in sentencing did not violate either the separation of powers doctrine or due process because the officer's report is not binding on the judge and the court's power to appoint an independent investigator to gather information for sentencing is consistent with prior Supreme Court holdings. *Id.*

■ We acknowledge the new *Blakely* requirements regarding factfinding at sentencing might call into question reliance on a report prepared by an employee of the sentencing court. However, we may not address that issue in the case before us as the argument was waived by Smith's failure to raise it before the trial court during either the pre-or-post *Blakely* phases of Smith's sentencing hearing. *See, e.g., Dillard*, 827 N.E.2d at 577 ("[I]t does not matter why a defendant chooses to remain silent when offered the chance to dispute the accuracy of a presentence investigation report he has had the opportunity to review: the knowing failure to object waives the issue of the report's accuracy for appellate review."). Nor did the trial court rely on aggravators that were included in the presentence report to enhance Smith's sentence. Smith agreed to a twenty-year sentence, so there was no "enhancement."

### 3. *Lack of Jury Involvement*

■ Smith was sentenced to twenty years pursuant to the plea agreement, but notes: "In Indiana the presumptive sentence of four (10)[sic] years for a class B felony[7] is the maximum a defendant may be sentenced too, [sic] unless additional 'aggravating' circumstances are found." (Amended Br. of Appellant at 12.) As explained above, his sentence was not enhanced based on aggravating circumstances; rather, the court was obliged to impose the twenty-year sentence Smith and the State agreed he would receive.

Still, the court found a number of aggravating circumstances, including a criminal history. We have held on numerous occa-

---

**7.** Smith cites Ind.Code § 35–50–2–6. That section addresses the penalty for a Class C felony and does not address Class B felonies.
Ind.Code § 35–50–2–5 provides:
A person who commits a Class B felony shall be imprisoned for a fixed term of ten

(10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000).

sions that even where a court improperly considers aggravators that must be found by a jury pursuant to *Blakely,* an enhanced sentence may affirmed when one of the aggravators is a criminal history. *See, e.g., Williams v. State,* 818 N.E.2d 970, 976 (Ind.Ct.App.2004) ("A single aggravating circumstance can justify the imposition of an enhanced sentence. Therefore, we need not address whether the trial court's finding of other aggravating circumstances was improper under *Blakely* because Williams' prior criminal history, standing alone, was sufficient to enhance his sentence.") (citation omitted). Even if Smith's sentence had been enhanced due to aggravating factors found by the court, there would have been no error in light of Smith's criminal history.

### 4. *Application of Rules of Evidence*

■ Because *Blakely* requires aggravating factors be proved to a jury beyond a reasonable doubt, Smith reasons, it is necessarily implied that the rules of evidence must apply to a proceeding where a sentence is enhanced based on aggravating circumstances.[8] Smith asserts the trial court's reliance on information in his presentence report was error and the report, along with a "multitude" (Amended Appellant's Br. at 14) of other hearsay, was admitted at sentencing.

Smith did not object on hearsay grounds to the evidence submitted at sentencing, but asserts his trial counsel had no duty to do so because counsel did not "have a duty to effectuate or anticipate new rules of law." (*Id.*) Smith does not address the fact some of his sentencing proceedings took place after *Blakely* was decided nor does he indicate whether the hearsay to which he refers was admitted before or

after that date. We are unable to address this allegation of error, as the propriety *vel non* of the court's finding of aggravating circumstances could not have affected the sentence the court was obliged to impose by virtue of Smith's plea agreement.

### 5. *Cumulative Due Process Violation*

Finally, Smith argues his due process rights were violated by the cumulative effect of the individual errors he asserts. He cites *Collins v. State,* 163 Ind.App. 72, 81, 321 N.E.2d 868, 874 (1975), where we found a due process violation arose from the "total context of circumstances present, by the aggravating effect of each upon the other" even though most of the individual circumstances were not error. He states "it is impossible to predict the outcome of Smith's sentence had the proper protections been employed." (Amended Appellant's Br. at 16.) We disagree. As explained above, "the outcome of Smith's sentence" could be predicted with certainty by reference to his plea agreement to the effect he would be sentenced to twenty years.

### CONCLUSION

Smith was not prejudiced by the State's failure to notify him of the aggravating circumstances it would assert, by the court's failure to apply the rules of evidence, or by cumulative errors amounting to due process violations, as the court was obliged to impose the twenty-year sentence to which Smith agreed; Smith waived any challenge to the sentencing court's use of a presentence report prepared by a court employee; and his sentence was appropriate even if it is considered "enhanced," as an aggravating factor

---

**8.** Ind. Evidence Rule 101(c)(2) provides that rules of evidence other than those concerning privileges do not apply to sentencing proceedings. We express no opinion as to whether that provision of the rule survives *Blakely.*

was his criminal history. The trial court's judgment is affirmed.

Affirmed.

SHARPNACK, J., and BAKER, J., concur.