**Duane E. BABER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A04–0501–CR–39.**

Court of Appeals of Indiana.

Sept. 14, 2005.

Rehearing Denied Nov. 16, 2005.

James D. Crum, Ryan H. Cassman, Coots, Henke & Wheeler, P.C., Carmel, IN, for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Duane E. Baber appeals his four convictions related to an incident where he fired a shotgun in the direction of his wife and missed. Specifically, he contends that his right to a speedy trial as guaranteed by Indiana Criminal Rule 4(B) was violated and that his *Blakely* rights were violated. Because the State's last minute amendment of the charging information did not prejudice Duane's substantial rights, the trial court properly charged the delay from Duane's continuance to him, and therefore, his speedy trial right was not violated. In addition, Duane has forfeited his *Blakely* challenge by not objecting on *Blakely* grounds at his sentencing hearing, which occurred nearly six months after *Blakely* was decided. We affirm the trial court.

### Facts and Procedural History

The facts most favorable to the verdicts follow. On the afternoon of July 1, 2004, Duane and his wife of nineteen years, Deanne Baber, went to Harbor Storage Facility in Noblesville. Duane had been drinking whiskey throughout the day and

was angry with Deanne. While Deanne was driving to the storage facility, Duane's anger with her escalated, and he punched the dashboard and broke the windshield with his fist. Deanne dropped off Duane at their storage unit and drove away to let Duane cool off. About fifteen minutes later, Deanne headed back to check on Duane and parked her vehicle near their storage unit. As Deanne started to exit her vehicle, Duane reached into his vehicle, pulled out a shotgun, pointed it in Deanne's direction, and fired. Deanne was not hit. She then returned to her vehicle and sped off. Deanne called the police, and Duane was later arrested at their storage unit.

On July 2, 2004, the State charged Duane with Count I: Attempted Battery as a Class C felony,[1] Count II: Attempted Domestic Battery as a Class A misdemeanor,[2] and Count III: Pointing a Firearm as a Class D felony.[3] On July 21, 2004, Duane moved for a speedy trial pursuant to Rule (4)(B)(1) of the Indiana Rules of Criminal Procedure. Pursuant to that rule, Duane should have been brought to trial within seventy days of his motion, which would have been September 29, 2004. The trial court set the trial for Monday, September 27, 2004. On Friday, September 24, 2004—three days before trial—the State filed a Motion for Leave to Amend Charging Information. The trial court, over Duane's objection, granted the State's motion. The State then added Count IV: Criminal Recklessness as a Class D felony.[4]

On Sunday, September 26, 2004—one day before trial—the deputy prosecuting attorney provided defense counsel with a videotaped statement of Deanne that he had become aware of on that Wednesday. On the day of trial—Monday, September 27, 2004—Duane renewed his objection to the State's last minute amendment of the charging information. The trial court overruled Duane's objection and essentially advised him that if he chose to seek a continuance, the delay from that continuance would be charged to him. Despite this warning, Duane requested a continuance so that his attorney could prepare, and the trial court granted the continuance. Duane again moved for a speedy trial so that he would be tried within seventy days of that date. The trial court reset the trial for November 8, 2004. Following the jury trial, Duane was found guilty of all four counts, and the trial court sentenced him to an aggregate term of eight years. Duane now appeals.

## Discussion and Decision

Duane raises two issues on appeal. First, he contends that his right to a speedy trial was violated and therefore he is entitled to discharge. In the alternative, Duane contends that his *Blakely* rights were violated. We address each issue in turn.

### I. Speedy Trial

■ Duane contends that his right to a speedy trial as guaranteed by Criminal Rule 4(B) was violated and therefore he is entitled to discharge. We first note that Duane has waived appellate review of this issue. A defendant waives appellate review of this issue if he does not make a motion for discharge or a motion for dismissal prior to trial. *Hampton v. State*, 754 N.E.2d 1037, 1040 (Ind.Ct.App.2001), *trans. denied.* Such a request provides an enforcement mechanism for Criminal Rule 4(B), and a defendant's failure to attempt

---

1. Ind.Code § 35–42–2–1(a)(3).

2. Ind.Code § 35–42–2–1.3.

3. Ind.Code § 35–47–4–3(b).

4. Ind.Code § 35–42–2–2(b)(1), (c)(2).

to enforce his request for a speedy trial waives any issue thereon. *Id.* Here, there is no indication in the record that Duane moved for discharge or dismissal prior to trial. In fact, the record reveals that when the trial court advised Duane that the delay from any continuance he sought would be charged to him, Duane asked for a continuance despite the clear ramifications of such a choice. Instead of advising the trial court that he respected the court's opinion and then moving for discharge pursuant to Criminal Rule 4(B), Duane consented to the court's ruling and moved again for a speedy trial, thereby resetting the speedy trial clock. *See* Supp. Tr. p. 39 ("Your Honor, I would orally move for a speedy trial again, so at least it's 70 days from today's date."). Therefore, Duane's claim is waived.

▮▮ Waiver notwithstanding, Criminal Rule 4(B)(1) provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, *except where a continuance within said period is had on his motion,* or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

(emphasis added). This rule requires that, upon a motion for a speedy trial, a defendant must be tried within seventy days unless: (1) the defendant caused the delay or (2) the court's calendar is congested. *Jackson v. State,* 663 N.E.2d 766, 767 (Ind. 1996). Criminal Rule 4(B)(1)'s direction to discharge is mandatory; nothing will prevent the rule's operation save its own exceptions. *Paul v. State,* 799 N.E.2d 1194, 1197 (Ind.Ct.App.2003), *reh'g denied.* In addition, Criminal Rule 4(F) provides,

"When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby."

Here, Duane moved for a speedy trial on July 21, 2004. Therefore, he should have been tried no later than September 29, 2004. The trial court set the trial for Monday, September 27, 2004. On the Friday before trial, the State sought permission to amend the charging information, which the trial court granted over Duane's objection. On the day trial was scheduled to begin, Duane renewed his objection to the State's last minute amendment of the charging information. The trial court responded:

> I will say for the last time this year I will not tolerate that ever again, Mr. Buckingham [deputy prosecuting attorney]. Make sure that your boss knows that in the Howard case if I find time today, I will issue an opinion that will make it very clear to this world that I'm not going to tolerate that behavior. I understand in this case because it was so new and we were here on a speedy trial request that something may have happened. The alleged Count IV, the amended Count IV, there's no reason in the world when this charge was filed by whoever made the charging information, that that charge should not have been added if the State is concerned about having that count. *On the other hand, Mr. Barker [defense counsel], it's my belief since it involved the same day, the same victim, the same event that while it may have changed your strategy, your request for me to reconsider the amendment of the charge last Friday or granting the State leave to do so will be denied.* Which gets us in the position of if the Defendant chooses to ask for a

continuance I will grant that request but given his speedy trial request, I find that to be a waiver. Not a waiver. I find that to be a waiver of his request for a speedy trial within Rule 4. So we would then have the position I would grant your motion to continue. The issue would then be whether or not he would be entitled to be released on his own recognizance or a bond, and I do not believe he'd be entitled to either. So you may ask for a continuance, I will grant that. Whether the State objects or not, I could care less. We will try to get you back as soon as possible, but I do not find under the circumstances that that would entitle him to be released on his own recognizance or have his bond reduced. So if you'd like to speak with the Defendant briefly—

Supp. Tr. p. 33–35 (emphasis added). After defense counsel consulted with Duane, counsel asked the trial court for a continuance, which the trial court granted.

According to the plain language of Criminal Rule 4, because Duane requested a continuance, the delay caused by that continuance should be charged to him. *See also Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App.1996) ("A defendant is responsible for any delay caused by his action including *seeking or acquiescing in any continuance.*") (emphasis added). Nevertheless, Duane argues that his "request for continuance was coerced by the Trial Court as a result of the State's delay in adding charges .... Accordingly, the delay of forty-two (42) days, should not be assessed against [him], but charged

against the State." Appellant's Br. p. 5. As such, Duane claims that he "was incarcerated for 110 days and his right to a speedy trial was violated." *Id.* Therefore, he asks us to reverse his convictions and discharge him.

In essence, Duane asserts that because the trial court allowed the State to amend the charging information the Friday before trial was scheduled to begin on Monday, he was in an untenable position: (1) go forward with trial and be unprepared for the new charge or (2) continue the trial to allow defense counsel time to prepare but waive his right to a speedy trial.[5] The trial court acknowledged that this was "a trick bag," Supp. Tr. p. 21, but nevertheless found that Duane was not prejudiced by the added count because it involved "the same day, the same victim, the same event." *Id.* at 34. Accordingly, the trial court charged the delay from the continuance to Duane.

■ We agree with the trial court. Indiana Code § 35–34–1–5(a)(9) provides that a charging information "may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including: ... (9) any other defect which does not prejudice the substantial rights of the defendant." If the amendment does not affect any particular defense or change the positions of either of the parties, then it does not prejudice the defendant's substantial rights. *Jones v. State,* 766 N.E.2d 1258, 1262 (Ind.Ct.App. 2002), *reh'g denied, trans. denied.* However, the State may not amend the charging information in a manner that materially

---

5. In support of this argument, Duane relies heavily on *Crosby v. State,* 597 N.E.2d 984 (Ind.Ct.App.1992). In *Crosby,* the State added a new charge and then ·"substantially" amended the charging information shortly before trial. *Id.* at 986. In addition, the State untimely produced "a substantial amount of discovery material." *Id.* As such, the trial court, over the defendant's objection, continued the trial past the seventy-day time period set forth in Criminal Rule 4(B). On appeal, we found that Crosby's right to a speedy trial was violated. *Crosby* is distinguishable from the present case because the State's amendment of the charging information was substantial, which is not the case here.

changes the factual allegations that form the basis of the State's theory. *Id.*

Here, the count that the State added was criminal recklessness with a deadly weapon as a Class D felony. As charged in this case, the State was required to prove that Duane—while armed with a deadly weapon—recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to Deanne. Ind.Code § 35–42–2–2(b)(1), (c)(2). The basis of this count was Duane's act of firing a shotgun in the direction of Deanne at Harbor Storage Facility on July 1, 2004. This same act also supported the other counts of attempted battery, attempted domestic battery, and pointing a firearm. On the day trial was scheduled to begin, the trial court acknowledged the similarities among the four counts:

> [A]n additional amended Count IV was added which alleges a Class D felony, Criminal Recklessness with a Deadly Weapon which alleges on the same date that the other three counts occurred that the Defendant did recklessly, knowingly, [or] intentionally perform an act while armed with a deadly weapon by shooting a shotgun towards Deanna Baber, which created a substantial risk of bodily injury to Deanna. *So just so that I understand and the record is clear, the charge is the same day with the same victim and all of the other counts talked about discharging a shotgun at or near Deanna[,] which didn't hit her.*

Appellant's App. p. 27–28 (emphasis added). When the trial court asked defense counsel if he agreed with this statement, counsel responded in the affirmative.

The amendment did not materially change the factual allegations that formed the basis of the State's theory. *See Jones,* 766 N.E.2d at 1262. The new count involved the same victim, the same day, and the same act—Duane's firing of a shotgun in the direction of Deanne at Harbor Storage Facility on July 1, 2004. As the trial court noted, these factual allegations were encompassed within the other three counts. In fact, Duane's theory of defense was that he did not shoot in Deanne's direction. Count IV did not change this defense.[6] Because the amendment did not prejudice Duane's substantial rights, the State was permitted to amend the charging information and, more importantly, Duane was not placed in an untenable position. As such, the trial court properly charged the delay from Duane's continuance to him, and his right to a speedy trial was not violated on this ground.

 Duane also argues on appeal that the State's untimely production of the videotape is grounds for finding that the delay from his continuance should be charged to the State. However, our review of the record reflects that the thrust of defense counsel's argument in the trial court concerning a continuance was the State's last minute amendment of the charging information, not the videotape. The record shows that the deputy prosecuting attorney—"by oversight"[7]—became

---

6. Defense counsel argued before the trial court that the new count alleged the *mens rea* of recklessly, which the other counts did not allege.

7. Specifically, the deputy prosecuting attorney told the trial court:
 I would note that although I had apparently overlooked [the videotape], all the written materials were supplied to Mr. Barker [defense counsel] some time ago. Within the report of Joe Jerrell it clearly indicates that he conducted a videotaped statement on the victim in this case. My oversight and not having it brought to my attention until last week, I take responsibility for and as soon as I became aware of it, I believe I told Mr. Barker about it.
 Supp. Tr. p. 22.

aware of the videotape on the Wednesday before trial was scheduled to begin and offered to give the videotape to defense counsel on that Friday. Supp. Tr. p. 22. However, defense counsel said that he would not be working on the trial until Sunday. Therefore, the deputy prosecuting attorney gave defense counsel the tape on Sunday afternoon. Importantly, the record also shows that defense counsel did not object to this; rather, this fact came up almost in passing on the Monday trial was scheduled to begin. Specifically, when the trial court asked defense counsel if he had deposed Deanne, counsel said no. Apparently puzzled by this fact, the trial court asked defense counsel if he at least had a statement from her. Defense counsel said no again and explained the problem with the videotape. Defense counsel told the trial court, "I wasn't going to raise [this as an issue], frankly, because I think I can get through [Deanne's] statement" before she even testifies. *Id.* at 20. Defense counsel explained that he had reviewed two-thirds of the videotape thus far and that he could have viewed the entire videotape but his personal VCR broke. A party cannot raise a new ground of error on appeal. *See Gill v. State,* 730 N.E.2d 709, 711 (Ind.2000). Because Duane did not rely on this ground at trial,[8] he cannot now raise it on appeal. Furthermore, he cites no prejudice whatsoever from the untimely production of the videotape.

## II. *Blakely* Rights

 In the alternative, Duane contends that his *Blakely* rights were violated because the trial court sentenced him to the maximum term of eight years for attempted battery by relying on aggravators not found by a jury. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* was decided on June 24, 2004, and Duane was not sentenced until December 9, 2004—nearly six months later. In order to rely on *Blakely* in a case not on direct appeal when *Blakely* was issued, a defendant is obliged to object at the sentencing hearing.[9] *See Smith v. State,* 829 N.E.2d 1021, 1024 n. 5 (Ind.Ct.App.2005) (citing *Smylie v. State,* 823 N.E.2d 679, 690 (Ind.2005), *petition for cert. filed* (U.S. June 2, 2005) (No. 04–10472)), *trans. denied.* Duane's case was not on direct appeal when *Blakely* was issued. Moreover, the record does not reveal that Duane objected at his sentencing hearing on *Blakely* grounds. By not objecting, Duane has forfeited this issue for appellate review.[10] *See id.*

Affirmed.

SHARPNACK, J., and MAY, J., concur.

8. Specifically, the trial court confirmed the issue with defense counsel before ruling:

 Let me make sure just for the record, you'd like to have a continuance due to—you'd like me to reconsider the granting of the amendment. If I don't, you would like to have a continuance. You do not want a continuance assessed against your client under the speedy trial rights, and in the alternative you would ask that your client be released on his own recognizance because of the State's late filing and change in state of mind or lack of.

 Supp. Tr. p. 26. Counsel responded, "That's a fair summary." *Id.*

9. Duane cites *Carmona v. State,* 827 N.E.2d 588 (Ind.Ct.App.2005), for the proposition that a defendant may raise *Blakely* for the first time on appeal. However, in *Carmona,* the defendant was sentenced *before Blakely* was decided. *Id.* at 591. Here, Duane was sentenced nearly six months *after Blakely* was decided.

10. In its Appellee's Brief, the State argues that if we conclude that Duane did not waive *Blakely* and that Duane's sentence was improperly enhanced in violation thereof, "the proper remedy is to remand to the trial court for a jury determination on the aggravating

circumstances." Appellee's Br. p. 14. In his Reply Brief, Duane responds that *if we find* that *Blakely* was violated, we should not remand the case but instead use our power pursuant Indiana Appellate Rule 7(B) to revise his sentence accordingly. Because we determine that Duane forfeited his right to make a *Blakely* challenge and Duane's request to revise his sentence pursuant to Appellate Rule 7(B) was contingent on us finding a *Blakely* violation, we do not consider this issue. In addition, although Duane discusses inappropriate sentences under Appellate Rule 7(B) in his Appellant's Brief, he provides no analysis whatsoever and has therefore waived this issue. *See* Ind. Appellate Rule 46(a)(8)(A).