Tyrone DAVIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0412–CR–1078.

Court of Appeals of Indiana.

Oct. 26, 2005.

Landoll Sorrell, Anderson, for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Tyrone Davis appeals the seven-and-one-half-year aggregate sentence imposed following his conviction for class D felony resisting law enforcement and the determination that he is an habitual offender. We affirm.

### Issue

The sole issue is whether the trial court sentenced Davis in violation of his Sixth Amendment right to a jury trial.

## Facts and Procedural History

The facts most favorable to the conviction reveal that on June 11, 2004, the Anderson Police Department was dispatched to Davis's residence to investigate a report that he had battered his pregnant girlfriend. While Officer John Branson, who was in full uniform, was talking to a witness, Davis drove slowly past. Officer Branson ordered Davis to stop and approach, but instead Davis accelerated and drove away. Officer Branson then entered his marked vehicle and began chasing Davis; other police officers joined the pursuit, leading to a high-speed chase through the streets of Anderson. Davis eventually stopped his car and fled from the police on foot. When two officers finally caught up with Davis, he struggled while they attempted to handcuff him.

The State charged Davis with class D felony criminal confinement, class A misdemeanor battery, and class D felony resisting law enforcement. It also alleged that he was an habitual offender. A jury acquitted Davis of the confinement and battery charges but convicted him of the resisting charge. It also found that he was an habitual offender.

At the conclusion of the sentencing hearing, the trial court orally noted as aggravating circumstances Davis's extensive criminal history, prior probation revocations, his being on probation at the time of this offense, and that this crime "was hideous ...." Tr. at 257. The written sentencing statement only mentions Davis's criminal history as an aggravator. The trial court imposed the maximum three-year sentence for the resisting law enforcement conviction, enhanced by four and one-half years for Davis's habitual offender status. Davis now appeals his sentence.

## Discussion and Decision

■ Davis contends the trial court relied on aggravating circumstances neither admitted by him nor proven to a jury beyond a reasonable doubt in enhancing his sentence, in violation of his Sixth Amendment rights as set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and applied in Indiana by *Smylie v. State*, 823 N.E.2d 679 (Ind.2005), *cert. pending*. He specifically focuses his argument on the trial court's mention of past probation violations and his being on probation at the time of this offense as aggravating circumstances. As Davis notes, the question raised by the use of past probation violations and present probationary status under *Blakely* is not a settled issue in Indiana. *See Patrick v. State*, 827 N.E.2d 30, 31 n. 2 (Ind.2005). Davis requests that we "give a definitive answer" to this question. Appellant's Br. at 7.

■ We decline to do so. Use of prior criminal history as an aggravator is exempt from *Blakely's* jury fact-finding requirement. *See Blakely*, 542 U.S. at 301, 124 S.Ct. at 2536. If a trial court has improperly relied on non-criminal history aggravators neither found by a jury nor admitted by a defendant, the "sentence may still be upheld if there are other valid aggravating factors from which we can discern that the trial court would have imposed the same sentence." *Edwards v. State*, 822 N.E.2d 1106, 1110 (Ind.Ct.App. 2005).

The trial court's written sentencing statement listed only Davis's criminal history as an aggravating circumstance. This indicates that the trial court did not place a great deal of weight upon the other possible aggravators that it mentioned at the sentencing hearing. As for the extent of that history, it is, to say the least, lengthy. The presentence report is not perfectly clear on the dispositions of some of the multitude of charges that have been

brought against Davis in Arkansas, Indiana, and Louisiana since he turned eighteen in 1990. The following is what is clearly reflected in that report: single convictions for leaving the scene of a property damage accident, distribution of cocaine (in Louisiana), reckless driving, resisting arrest, contributing to the delinquency of a minor, battery, battery on a police officer, battery by bodily waste, possession of marijuana, possession of cocaine, false reporting, residential entry, and public intoxication; two convictions for driving while intoxicated; three convictions for theft; and four convictions for resisting law enforcement, three as class A misdemeanors and one as a class D felony. That is a total of twenty-two convictions for a variety of offenses, several of which were similar in nature to the present crime, in fourteen years of adulthood for Davis. Suffice it to say, we are confident that the trial court would have imposed an identical enhanced sentence in this case in reliance solely upon Davis's criminal history. We affirm.

Affirmed.

NAJAM, J., concurs.

BARNES, J., concurs in result with opinion.

BARNES, Judge, concurring in result.

I concur with the result reached by the majority that any *Blakely* error in this case was harmless. I disagree with the analysis the majority utilizes with regard to the standard of "with confidence" in assessing whether the error was harmless, citing to *Trusley v. State,* 829 N.E.2d 923, 927 (Ind.2005). I believe that the proper standard is whether we can say, beyond a reasonable doubt, that the trial court would have imposed an identical sentence without considering aggravators that might have violated *Blakely.* Although

this may appear to be a matter of semantics, I am concerned that the "with confidence" standard is too lenient, and allows affirmance of sentences that the "beyond a reasonable doubt" standard would not.

As the author of *Freeze v. State,* 827 N.E.2d 600, 604 (Ind.Ct.App.2005), I attempted to articulate the "beyond a reasonable doubt" standard that, in my opinion, should apply in circumstances such as these. In so holding, I relied on an earlier decision of this court by Judge Sullivan, who, I believe correctly, cited *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), as controlling the review of whether a *Blakely* error in sentencing was harmless. *See Holden v. State,* 815 N.E.2d 1049, 1060 (Ind.Ct.App. 2004), *trans. denied. Chapman* holds that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828. Also, the State bears the burden of establishing harmlessness. *See id.* When reviewing federal constitutional claims, we are bound to follow the standards set forth by the United States Supreme Court. *See id.* at 21, 87 S.Ct. at 826–27 (holding the California Supreme Court erred in applying state law harmless error formulation in reviewing a federal constitutional claim). Thus, I conclude we must apply *Chapman* in reviewing whether a *Blakely* error was harmless.

My view is supported by a number of federal courts of appeal that have addressed whether a *Blakely* constitutional error was harmless following the Supreme Court's invalidation of the mandatory federal sentencing guidelines in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Vazquez–Rivera,* 407 F.3d 476, 489–90 (1st Cir.2005), *cert. denied; United States v.*

*Pineiro,* 410 F.3d 282, 285 (5th Cir.2005); *United States v. Archuleta,* 412 F.3d 1003, 1006 (8th Cir.2005); *United States v. Lang,* 405 F.3d 1060, 1065 (10th Cir.2005); *United States v. Mathenia,* 409 F.3d 1289, 1291–92 (11th Cir.2005); *United States v. Coumaris,* 399 F.3d 343, 350 (D.C.Cir. 2005). The contrary view in the federal circuits appears to be that constitutional-level *Booker/Blakely* errors are not amenable at all to harmless error review and that remand for resentencing is automatically required in such cases. *See United States v. Davis,* 407 F.3d 162, 164–65 (3rd Cir.2005); *United States v. Oliver,* 397 F.3d 369, 381 (6th Cir.2005). I am not prepared to go that far. It seems to me, our choice in the event of *Blakely* error is between either automatic remand for resentencing or application of "beyond a reasonable doubt" harmless error review, and nothing less.

I conclude that Davis's extensive criminal history is such that I am convinced, beyond a reasonable doubt, that the trial court would have imposed an identical sentence solely in reliance upon that history. Therefore, I concur in result.