ATTORNEYS FOR APPELLANT
James D. Crum
Ryan H. Cassman
Carmel, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

### No. 29S04-0601-CR-0005

DUANE E. BABER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff  below).*

Appeal from the Hamilton Superior Court, No. 29D02-0407-FC-0082
The Honorable Bernard L. Pylitt, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 29A04-0501-CR-00039

**February 14, 2006**

Per Curiam.

Following a jury trial, Appellant Duane E. Baber was found guilty of Attempted Battery as a Class C felony, Ind. Code § 35-42-2-1(a)(3); Attempted Domestic Battery as a Class A misdemeanor, Ind. Code § 35-42-2-1.3(a); Pointing a Firearm as a Class D felony, Ind. Code § 35-47-4-3(b); and Criminal Recklessness as a Class D felony, Ind. Code § 35-42-2-2(b)(1), (c)(2).  The maximum possible sentence for a Class C felony is eight years – a standard term of

four years with not more than four additional years for aggravating circumstances. Ind. Code § 35-50-2-6(a). The maximum possible sentence for a Class D felony is three years – a standard term of one and one-half years with not more than one and one-half years added for aggravating circumstances. Ind. Code § 35-50-2-7(a). The trial court sentenced Baber to the maximum terms available for his felony convictions and ordered them served concurrently.[1]

Baber filed a timely appeal raising challenges to both his conviction and sentence, and the Court of Appeals affirmed the trial court. Baber v. State, 834 N.E.2d 146 (Ind. Ct. App. 2005), *vacated.* One of the issues raised by Baber in his Appellant's Brief was his claim that his sentence violated the Sixth Amendment as interpreted in Blakely v. Washington, 542 U.S. 296 (2004). The Court of Appeals refused to entertain this claim, however, finding Baber had forfeited it by failing to make a Blakely objection at his sentencing hearing. *See* Baber, 834 N.E.2d at 152. In Kincaid v. State, 837 N.E.2d 1008 (Ind. 2005), we expressly rejected the notion that a defendant must make such an objection at sentencing to preserve a Blakely claim on appeal.[2] Because Baber did not forfeit his Blakely claim, we take up this claim here.

Our review of the Record on Appeal indicates the trial court enhanced Baber's sentence by using both aggravating factors that under Blakely must be found by a jury and aggravating factors that do not. "Where we find an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level." Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005). We elect the first option here.

Accordingly, we reverse those parts of Baber's sentences enhanced beyond their standard terms and remand for a new sentencing hearing in which the State may elect to prove adequate aggravating circumstances before a jury or accept the standard terms. Patrick v. State, 827 N.E.2d 30, 31 (Ind. 2005). "As a third option, the State may elect to forgo the empanelling of a

---

[1] Baber was also sentenced to one year for Attempted Domestic Battery, but the trial court correctly found this sentence merged with his sentence for Attempted Battery as a Class C felony.

[2] The Court of Appeals' decision in this case was issued before our decision in Kincaid was handed down.

jury and stipulate to [Baber's] being resentenced by the trial court only in light of the aggravating factors for which a jury determination is unnecessary . . . ." Id. The Court of Appeals' opinion, except as noted herein, is otherwise summarily affirmed. Ind. Appellate Rule 58(A)(2).

All Justices concur.