**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darren WILDER, Defendant–Appellant.**

No. 03–2744.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 14, 2005.

Decided March 11, 2005.

Julie B. Ruder, Office of the United
States Attorney, Chicago, IL, for Plaintiff–
Appellee.

Richard H. Parsons, Johanna M. Chris-
tiansen, Office of the Federal Public De-
fender, Peoria, IL, for Defendant–Appel-
lant.

Before POSNER, WOOD, and
WILLIAMS, Circuit Judges.

ORDER

In this appeal, defendant Darren Wilder
challenges his sentence, arguing that the
district court (1) miscalculated to his detri-
ment his credit for time-served; (2) failed
to memorialize its order that his federal
sentence run concurrent to his state sen-
tence; and (3) increased his sentence
based on facts neither proven to a jury
beyond a reasonable doubt nor admitted
by himself, in violation of the Supreme
Court's recent decision in *United States v.
Booker*, — U.S. —, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005). Because we find that
his time-served credit was miscalculated
and that the district court did order his
federal and state sentences to run concur-
rently, we vacate Wilder's sentence and
remand for resentencing.

I. BACKGROUND

On January 22, 2000, Wilder was arrest-
ed for being a felon in possession of a
firearm in violation of Chapter 720, Section
5/24–1.1(a) of the Illinois Compiled Stat-
utes. On April 4, 2002, he pled guilty to
this state charge and was sentenced to five
years imprisonment in the Illinois Depart-
ment of Corrections.

Less than a month later, on May 1, 2002,
the federal government indicted Wilder
with being a felon in possession of a fire-
arm in violation of 18 U.S.C. §§ 922(g)(1)
and 924(e)(1). On January 6, 2003, Wilder
pled guilty to this indictment without en-
tering into a plea agreement with the gov-
ernment, but reserved the right to contest
that he was subject to enhanced penalties
under 18 U.S.C. § 924(e)(1).

On May 7, 2003, the district court sen-
tenced Wilder. Using the 2000 version of
the United States Sentencing Guidelines,
the court began with a base offense level
of 24, as Wilder "had at least two prior
felony convictions of either a crime of vio-
lence or a controlled substance offense."
U.S.S.G. § 2K2.1(a)(2). The court then
adjusted that offense level to 33 upon find-
ing that Wilder, with three prior qualifying
convictions, was an armed career criminal.
U.S.S.G. § 4B1.4(b)(3)(B). The court then
gave Wilder a two-level reduction for ac-
ceptance of responsibility and a one-level
reduction for timeliness of plea, resulting
in an offense level of 30. Falling within
criminal history category VI, the Guide-
lines provided a sentencing range between
168 and 210 months. Because Wilder's
prior convictions qualified him as an
Armed Career Criminal under 18 U.S.C.
§ 924(e), however, a minimum 180 month
sentence was required. The district court
sentenced him to 192 months imprison-
ment.

The district court then considered the
impact of Wilder's previous state sentence
on his federal sentence, since both state
and federal convictions were predicated on
the same conduct. Wilder argued that he
should be given credit for time served on
the state offense prior to his state guilty
plea (323 days), as well as the time served
between state sentencing and federal sen-
tencing (another 398 days). The district
court orally stated, pursuant to U.S.S.G.

§ 5G1.3(b), that the federal sentence it was imposing was to run concurrent to the state sentence—but there was some confusion as to how to calculate the exact time already served on the state sentence. As a result of the confusion, a status hearing was later held in which the parties inadvertently miscalculated Wilder's time served to be only 12 months. Based upon this miscalculation, the district court credited Wilder with only 12 months of time served, thereby reducing his federal sentence from 192 to 180 months.

In addition, though the district court had orally ordered that the federal sentence run concurrently with the state sentence, its written judgment did not reflect this order. Wilder appeals his sentence.

## II.ANALYSIS

### A. "Time–Served" Credit

█ U.S.S.G. § 5G1.3(b) provides that if a defendant has an "undischarged term of imprisonment [that] resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." In other words, a sentencing judge must give a convict credit for an undischarged term of imprisonment attributable to offenses that are accounted for by the instant, federal offense. *United States v. Phipps*, 68 F.3d 159, 160–61 (7th Cir.1995). This provision accounts for the fact that the prisoner is being sentenced by two different entities (state and federal governments) for the same conduct. Sec-

tion 5G1.3(b) assuages potential injustice through a "coordination of sentences" that "approximate[s] the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time," *Witte v. United States*, 515 U.S. 389, 404–05, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), thereby insuring that the convict is not penalized twice for the same conduct, *United States v. Blackwell*, 49 F.3d 1232, 1241 (7th Cir. 1995). Here, Wilder has been sentenced twice, once by Illinois and once by the United States, for the same conduct—being a felon in possession of a firearm. To prevent him from being *punished* twice, his time served under the Illinois sentence prior to the date of his federal sentencing must be credited against his overall federal sentence.

Wilder served 323 days on the state charge prior to state sentencing on April 4, 2002. He served 398 days between the imposition of the state sentence (April 4, 2002) and imposition of the federal sentence (May 7, 2003). He served an additional 26 days between the imposition of his federal sentence and the actual entry of judgment (June 4, 2003). Thus, Wilder's credit for time served should have been either 721 days (24 months) for the period up to imposition of federal sentence, or 747 days (24.9 months) for the period up to actual entry of judgment. Due to an inadvertent miscalculation by the district court and both parties,[1] however, Wilder was credited with only 12 months of time served. Thus, on appeal, Wilder seeks full credit for time served.

---

1. The parties and the district court mistakenly believed that the Bureau of Prisons would calculate Wilder's federal sentence as beginning at the initiation of federal prosecution. Because Wilder was before the federal court on a Writ of Habeas Corpus ad Prosequendum, however, he was still technically in state

custody and receiving credit on his state sentence throughout his federal prosecution. And because Wilder was not technically in federal custody during his federal prosecution, the Bureau of Prisons could not award Wilder federal credit for that period of time. 18 U.S.C. § 3585(b).

The government notes that Wilder has waived any argument to entitlement to additional time-served credit. Though laboring under a universal misunderstanding at the status conference, Wilder requested a 12–month time credit and that is exactly what he got. *See United States v. Martinez–Jimenez,* 294 F.3d 921, 922 (7th Cir. 2002) (holding that defendant's assent to application of guideline provision constituted waiver of argument against its application); *United States v. Mantas* 274 F.3d 1127, 1130 (7th Cir.2001) (same). The government, however, here waives Wilder's waiver of the argument, *United States v. Caputo,* 978 F.2d 972, 975–76 (7th Cir. 1992) (holding that appellee may waive waiver), recognizing that the record shows that the parties and the district court all intended Wilder to receive full credit for the full amount of time he spent in custody prior to federal sentencing. Accordingly, it does not object to further modification of Wilder's sentence.

The only point on which the parties disagree is whether the additional time-served credit should include the 26 days between the imposition of federal sentence on May 7, 2003 and the actual entry of judgment on June 4, 2003. This dispute is easily resolved. Wilder's federal sentence was entered on May 7, 2003, and it is at this date that Wilder officially entered into federal custody. Thus it is from this date that the Bureau of Prisons is to begin counting off the time of Wilder's federal sentence. Accordingly, Wilder's total credit for time served on his state sentence comes to 24 months (or 721 days), not 25. We note that, in so ruling, our decision poses no detriment to Wilder, for though we find that Wilder's time-served credit should be one month shorter than he suggested, we also find that his federal sentence began one month earlier than he supposed. The net effect on his sentence is the same.

Accordingly, we vacate Wilder's sentence and remand for resentencing. Upon remand, the district court shall credit Wilder with a total credit of 24 months for time-served—12 more months than that with which he has already been credited. And so that his sentence may more accurately account for all the time Wilder has served—in both state and federal custody—the district court shall instruct the Bureau of Prisons to begin counting Wilder's federal sentence from May 7, 2003, the date Wilder officially entered federal custody.

**B. Concurrent State and Federal Sentences**

Next we address the district court's oral order that Wilder's federal sentence run concurrent to his state sentence. A district court's unambiguous oral sentence prevails over any later, inconsistent written sentence. *United States v. Becker,* 36 F.3d 708, 710 (7th Cir.1994). At the May 7, 2003 hearing, the district court orally ordered that Wilder's federal sentence run concurrently with his state sentence. Indeed, U.S.S.G. § 5G1.3(b) requires the two sentences to run concurrently. *United States v. Johnson,* 324 F.3d 875, 878 (7th Cir.2003). The written judgment form did not reflect this, imposing a federal sentence of 180 months without mention of whether it was to run concurrently or consecutively with the state sentence.

The government does not dispute that Wilder's sentences are to be served concurrently, and has no objection to modifying the district court's judgment to reflect as much. Upon remand for resentencing, the district court should modify the written judgment to reflect that the federal sentence is to run concurrent to the state sentence.

C. *United States v. Booker*

Having remanded this matter for resentencing based on other grounds, we need not address the merits of Wilder's challenge under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We note, however, that when the district court imposes its new sentence upon remand, it must do so in accord with *Booker*, as *Booker* decidedly governs all sentences imposed after its date of decision. Of course, the Supreme Court's recent decision has no bearing upon 180 months of Wilder's sentence—that portion intractably set by a mandatory statutory minimum. 18 U.S.C. § 924(e). However, should the district court again contemplate exercising its discretion to increase Wilder's sentence beyond this statutory minimum,[2] *Booker* controls. Indeed, after training its focus upon the cadre of factors and policy concerns memorialized by Justice Breyer's remedial opinion (*Booker*, —— U.S. at —— – ——, 125 S.Ct. at 764–66) and 18 U.S.C. § 3553(a), the district court may find that the 12 month sentence increase that it found appropriate yesterday to be wholly unwarranted today.

### III. CONCLUSION

For the reasons stated above, we VACATE Wilder's sentence and REMAND his case to the district court for resentencing consistent with this opinion and the Supreme Court's recent decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

---

**2.** As discussed above, though 18 U.S.C. § 924(e) sets a mandatory statutory minimum of 180 months, the district court, in its limited discretion, had sentenced Wilder to an additional 12 months, imposing in total 192 months of incarceration.