In the

# United States Court of Appeals
## For the Seventh Circuit
———————

No. 05-1991

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LASHON BROWNING,

*Defendant-Appellant*,

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 1168-1—**Wayne R. Andersen**, *Judge*.

———————

ARGUED JANUARY 9, 2006—DECIDED FEBRUARY 6, 2006

———————

Before POSNER, EVANS, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant was convicted by a jury of being a felon in possession of a firearm and was sentenced to 240 months in prison. He presents a number of issues in this appeal, all but one of which are frivolous, such as that comprehension of *Miranda* rights cannot be indicated by a nod of the head. *United States v. Smith*, 218 F.3d 777, 780-81 (7th Cir. 2000). The substantial issue is whether the Supreme Court's recent decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005), entitled the defendant to a jury trial on whether a previous conviction used to enhance his sentence, pursuant to the Armed Career Criminal Act, 18

U.S.C. § 924(e), was a conviction of him or of another person.

One of the three convictions that brought him within the Act's grasp was a conviction of "Marvin Prince," but fingerprint evidence persuaded the district judge that "Marvin Prince" and "Lashon Browning" were one and the same person. Confronted by the evidence, the defendant said: "I am not disputing they ain't got my conviction. What I am really disputing is that as far as like wanting them to be treated as related cases." The government interprets this, plausibly enough, as the defendant's admitting that he had the requisite three convictions and denying only that they were committed on separate occasions, as the Act requires (in fact they were committed months apart). If the government's interpretation is correct, the defendant waived any right he might have had to a jury trial on whether he is Marvin Prince. But if his statement was not a waiver, he still faces an apparently insurmountable obstacle. The evidence that he is Marvin Prince is overwhelming; and while there is no summary judgment or directed verdict in a criminal case, there is also no right to a jury trial to determine whether a defendant should receive an enhanced sentence as a recidivist. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Williams*, 410 F.3d 397, 401-02 (7th Cir. 2005); *United States v. McInnis*, 429 F.3d 1, 5 (1st Cir. 2005).

Or so it seemed until *Shepard*. Shepard's sentence, like the defendant's in this case, had been enhanced under the Armed Career Criminal Act, by reason of four previous state convictions for burglary. The enhancement was proper only if at least three were burglaries of a building or other enclosed space. None of the charging documents or jury instructions or findings in a bench trial, and no admissions

incident to a guilty plea (Shepard had pleaded guilty), indicated whether that was the nature of Shepard's burglaries. The government wanted to look at police reports to clear up the matter but the Supreme Court held that this was improper, that only "conclusive records made or used in adjudicating guilt" could be considered. *Shepard v. United States*, *supra*, 125 S. Ct. at 1260. The Court wanted to avoid "collateral trials." *Id*. at l261. It was also troubled by the Sixth Amendment implications of allowing the district judge to conduct an evidentiary inquiry, saying: "any fact *other than a prior conviction* sufficient to raise the limit of the possible federal sentence must be found by a jury." *Id.* at 1262 (emphasis added). The Court reasoned that although *Almendarez-Torres*, the source of the exception that we have italicized, had not been overruled, and although "the disputed fact here [whether Shepard had burglarized a building] can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to . . . *Apprendi*, to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute." 125 S. Ct. at 1262. (*Apprendi v. New Jersey*, 530 U.S. 466 (2000), had held the Sixth Amendment applicable to any fact, other than a prior conviction, that raises the defendant's sentence above the otherwise applicable statutory maximum.) And so, to avoid the Sixth Amendment issue, the Court construed the Armed Career Criminal Act to bar findings based on police reports. The part of the opinion from which we've quoted did not command a majority of the Court—but only because Justice Thomas, as he explained in his concurrence, wanted to go even further and overrule *Almendarez-Torres*. *Id*. at 1263-64. That would have yielded the same outcome in *Shepard* but on a ground having farther-reaching implications for future cases.

The defendant in our case wants us to generalize from *Shepard* to any case in which the defendant declines to acknowledge a prior conviction. Suppose, we asked the defendant's lawyer at argument, that the name on the prior criminal judgment had not been "Marvin Prince" but "Lashon Browning," and that the defendant had denied that he was the same "Lashon Browning" in the previous case and put the government to its proof that he was. Would the defendant then be entitled to a jury trial on the issue of identity? The lawyer answered "yes." But if this is correct, the Court in *Shepard* overruled *Almendarez-Torres*, because a defendant can always deny that he is the person named in the previous convictions that the government wants used to increase his sentence for his latest offense. The Court didn't say that it was applying the Sixth Amendment to recidivist findings and thus overruling *Almendarez-Torres*, and we are not authorized to disregard the Court's decisions even when it is apparent that they are doomed E.g., *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997); *Scheiber v. Dolby Laboratories, Inc.*, 293 F.3d 1014, 1018-19 (7th Cir. 2002).

We can reconcile *Almendarez-Torres* with *Shepard* for purposes of this case by noting that while a fact that is an element of a crime—in other words, "any fact other than a prior conviction," *Shepard v. United States*, *supra*, 125 S. Ct. at 1262—must in the absence of a stipulation or other waiver be proved beyond a reasonable doubt, to a jury if the defendant wishes, the prior conviction of Lashon Browning was not an element of the crime with which he was charged, that of being a felon in possession of a gun. The issue was whether the defendant had been convicted; in *Shepard* the issue had been what the defendant had been convicted of. *United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir. 2005); *United States v. Carrillo-Beltran*, 424 F.3d 845, 848 (8th Cir. 2005); *United States v. Thompson*, 421 F.3d 278,

284 n. 4 (4th Cir. 2005); *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005). There was no doubt that Shepard had been convicted; it just was uncertain whether the convictions had involved a certain kind of burglary, and the Court didn't think a "collateral trial" on that question was worth conducting. The Court did *not* hold that Shepard was entitled to a jury trial on the issue; the issue was not to be tried at all. The use of a prior conviction to enhance a defendant's sentence presupposes that it is a prior conviction *of him*, and if there is any doubt on that score the judge has to resolve it. As he did here.

*Almendarez-Torres* is vulnerable to being overruled not because of *Shepard* but because of *United States v. Booker*, 125 S. Ct. 738 (2005). *Booker* holds that there is a right to a jury trial and to the reasonable-doubt standard in a sentencing proceeding (that is, the Sixth Amendment is applicable) if the judge's findings dictate an increase in the maximum penalty. *Id*. at 756. Findings made under the Armed Career Criminal Act do that. So if logic rules, those findings too are subject to the Sixth Amendment. But law is not always very logical, and a good thing it isn't. An immense practical difference between the fact of a prior conviction and other facts bearing on a sentence is that defendants normally are loath to have their prior crimes paraded before a jury. In states such as Wisconsin that entitle defendants to jury consideration of sentencing enhancements based on prior sentences, the entitlement is almost always waived. So overruling *Almendarez-Torres* would have little practical significance, though it would doubtless beget a torrent of postconviction proceedings, just as *Booker* has done. Maybe, then, *Almendarez-Torres* will survive. But that is neither here nor there; the continued authority of *Almendarez-Torres* is not for us to decide.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*