**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2006[*]
Decided March 13, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4194

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 3:05CR30027 |
| JOHN McCRAY, JR., *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

A grand jury charged John McCray, Jr., with conspiring to possess and distribute heroin and crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1); maintaining a residence for the purpose of distributing heroin and crack in violation of 21 U.S.C. § 856(a)(1); and four counts of distributing crack or heroin in violation of 21 U.S.C. § 841(a)(1). McCray pleaded guilty to all seven counts. Before sentencing the government filed an enhancement information seeking an increase in the mandatory minimum for McCray's conspiracy count from 10 to 20 years based on his prior conviction for conspiracy to distribute heroin. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), 851. Although McCray admitted the prior conviction, he

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

objected that its use for enhancement violated his  Fifth Amendment right to grand jury presentment because it was not included in the indictment.  After overruling McCray's objection, the district court sentenced him to 20 years' imprisonment on each count to run concurrently.

On appeal McCray renews his argument that his sentence on the conspiracy count (and by implication, the remaining counts) violated his Fifth Amendment right to indictment by grand jury because the prior conviction used to increase the statutory minimum was not alleged in the indictment.  McCray acknowledges, however, that he raises this issue strictly to preserve it for further review because he recognizes that current Supreme Court precedent precludes this court from issuing a decision in his favor.  *See Harris v. United States*, 536 U.S. 545, 568 (2002) (explaining that it is constitutionally permissible for a sentencing judge to make findings of fact that lead to imposition of enhanced mandatory minimum sentence); *Almendarez-Torres v. United States*, 523 U.S. 224, 239, 243-44 (1998) (holding that prior convictions need not be charged in indictment or proved to jury beyond a reasonable doubt).  Indeed, the viability of Supreme Court precedent is not for us to decide.  *See De Quijas v. Shearson/Am. Express, Inc.,* 490 U.S. 477, 484 (1989) (explaining that circuit courts must follow controlling precedent and leave to Supreme Court to decide whether to overturn its decisions); *United States v. Browning*, – F.3d –, 2006 WL 266508, at *2 (7th Cir. 2006) (stating that *Almendarez-Torres* remains binding precedent); *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005) (noting that Court has yet to overrule *Almendarez-Torres*).

AFFIRMED.