**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2006[*]
Decided May 19, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4603

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:04 CR 12 PS |
| BURNIS PULLEY, *Defendant-Appellant.* | Philip P. Simon, *Judge.* |

**O R D E R**

Burnis Pulley pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1).  The indictment listed five prior state convictions.  The district court found that at least three of them qualified Pulley for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Those were for residential burglary, aggravated battery, and robbery, all in 1989.  Because of them, the court sentenced him under the ACCA, which prescribes a minimum sentence of 15 years' imprisonment, to 200 months.

On appeal, Pulley argues that the prior convictions must not only be alleged in the indictment but also proved to a jury beyond a reasonable doubt.  The

---

[*]On April 17, 2006, we granted the parties' joint motion to waive oral argument. Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(f).

Supreme Court has ruled, however, that the Constitution does not require such pleading or proof of the character of prior convictions. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998); *see also United States v. Booker*, 543 U.S. 220, 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). We are bound by *Almendarez-Torres*, which has not been overruled.

Pulley suggests, however, that *Almendarez-Torres* was overruled by implication by *Shepard v. United States*, 544 U.S. 13 (2005). We do not agree. *See United States v. Browning*, 436 F.3d 780 (7th Cir. 2006). *Shepard* deals only with the type of evidence which may be considered in determining that a prior conviction qualifies for enhancement under the ACCA; police reports or complaint applications were held to be improper. "[E]nquiry under the ACCA to determine whether a guilty plea to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. Pulley makes no argument that the district court made its findings in this case on the basis of improper information.

AFFIRMED.