**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2006[*]
Decided October 23, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4214

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, <br><br>    v. <br><br> JAMES D. LYNCH, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division <br><br> No. 4:05CR00009-002 <br><br> John Daniel Tinder, <br> *Judge*. |

**O R D E R**

James Lynch was sentenced to three concurrent terms of life imprisonment after a jury found him guilty on drug conspiracy and distribution charges. On appeal he argues that the district court violated the Sixth Amendment when it increased the maximum and minimum statutory penalties based upon prior convictions not charged in the indictment or proved to a jury beyond a reasonable doubt. But Lynch also acknowledges that this contention is contrary to precedent and raises it here only to preserve the prospect of further review in the Supreme Court. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

A grand jury charged Lynch with one count of conspiracy to distribute 50 or more grams of methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), one count of possession with intent to distribute 50 or more grams of methamphetamine, *see id.* § 841(a)(1), (b)(1)(A), and one count of possession with intent to distribute five or more grams of methamphetamine, *see id.* § 841(a)(1), (b)(1)(B). Prior to trial the government filed an information notifying Lynch that it planned to seek enhanced statutory penalties based upon his two prior felony drug convictions. *See* 21 U.S.C. § 851(a)(1). A jury found Lynch guilty on all counts.

Based upon the drug quantity and Lynch's two prior convictions, the probation officer advised the court that Lynch was subject to mandatory life imprisonment for the conspiracy and distribution count that involved at least 50 grams of methamphetamine, *see* 21 U.S.C. § 841(b)(1)(A), and a maximum of life imprisonment for the distribution count that involved at least five grams, *see id.* § 841(b)(1)(B). The probation officer then calculated Lynch's sentencing guidelines range using the career offender guideline, *see* U.S.S.G. § 4B1.1, which yielded an advisory range of 360 months to life on each count. The district court accepted the probation officer's recommendations and sentenced Lynch to life imprisonment on each count.

On appeal Lynch challenges only the judicial fact-finding that increased the statutory punishment attached to his offenses of conviction. He disputes neither that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is binding precedent nor that we continue to enforce *Almendarez-Torres* despite questions concerning its continuing viability. *See United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005). Instead he argues that, in light of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and dicta in *Monge v. California*, 524 U.S. 721, 741 (1998) (Scalia, J., dissenting) (characterizing the *Almendarez-Torres* holding as "a grave constitutional error affecting the most fundamental of rights"), and *Shepard v. United States*, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring) (stating that "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"), *Almendarez-Torres* is no longer good law. Thus, he says, we should "reconsider" our decision in *Pittman*.

We decline Lynch's invitation. In *Almendarez-Torres* the Supreme Court held that prior felony convictions are sentencing factors that need not be charged in the indictment or proved to a jury beyond a reasonable doubt. 523 U.S. at 244. And in *Pittman* we instructed that the Court's subsequent opinions left the holding of *Almendarez-Torres* undisturbed. 418 F.3d at 709; *see United States v. Booker*, 543 U.S. 220, 244 (2005) (any fact that increases the penalty for a crime beyond the maximum prescribed by statute must be submitted to a jury and proved beyond a reasonable doubt, except for the fact of a prior conviction); *Apprendi*, 530 U.S. at 490; *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999). Nothing has occurred

since our decision in *Pittman* to change our minds.  *See United States v. Santiago-Ochoa*, 447 F.3d 1015, 1020-21 (7th Cir. 2006); *United States v. Browning*, 436 F.3d 780, 781 (7th Cir. 2006).

AFFIRMED.