NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 11, 2007[*]
Decided April 18, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-4037

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 05-CR-90 |
| WILLIAM N. STAPLES, *Defendant-Appellant*. | Rudolph T. Randa, *Chief Judge*. |

## O R D E R

From 1994 to 2005, William Staples collected social security benefits under both his own name and an alias.  Authorities investigating this fraud executed search warrants at two of Staples's properties and found five rifles.  Staples ultimately pleaded guilty to wire fraud, 18 U.S.C. § 1343, and possession of a firearm by a felon, *id*. § 922(g)(1).  The district court, applying the Armed Career

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Criminal Act (ACCA), *id*. § 924(e), sentenced Staples to 200 months' imprisonment. Staples, who is *pro se* on appeal, principally argues that the district court erroneously sentenced him as an armed career criminal and miscalculated his criminal history score. We affirm.

The probation officer recommended that Staples be sentenced to at least 15 years' imprisonment under the ACCA based on four prior convictions in Wisconsin: (1) a 1976 conviction for attempted first-degree murder, (2) a 1977 conviction for assault by a prisoner, (3) a 1979 conviction for assault on a correctional officer, and (4) a 2000 conviction for possessing cocaine with intent to distribute. The sentences for these convictions ranged from 18 months to 14½ years. Parole revocations stemming from the first three convictions resulted in Staples's release from custody in 1989.

At sentencing defense counsel objected that Staples could not be sentenced under the ACCA because his prior convictions were not alleged in the indictment or proven to a jury beyond a reasonable doubt. Counsel further speculated that Staples's civil rights were "likely restored" following the three convictions for attempted murder and assault, and thus they should not qualify as predicate offenses, *see* 18 U.S.C. § 921(a)(20). Counsel also adopted several of Staples's *pro se* objections to the probation officer's guidelines calculations.

The district court overruled all of the objections. The court concluded that Staples had failed to present evidence that his civil rights were, in fact, restored. After reviewing the judgments of conviction, the court held that Staples qualified for sentencing under the ACCA, calculated a guidelines imprisonment range of 180 to 210 months, and imposed a 200-month sentence.

Staples starts with four meritless attacks on the application of the ACCA. First, he renews his contention that the district court erroneously considered his prior convictions since they were not alleged in the indictment or proven to a jury beyond a reasonable doubt. The Supreme Court has held that these safeguards do not apply to recidivism enhancements, which the ACCA is, *see Shepard v. United States*, 544 U.S. 13, 24 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990), and "we are not authorized to disregard the Court's decisions," *United States v. Browning*, 436 F.3d 780, 780-82 (7th Cir. 2006). Second, Staples contends that the district court erred when it counted his conviction for "attempted first-degree murder" since, he claims, there is no such crime in Wisconsin. This argument amounts to a collateral attack on that particular conviction, and federal sentencing courts are not the place for such attacks. *See Custis v. United States*, 511 U.S. 485, 497 (1994); *United States v. Dahler*, 171 F.3d 441, 443 (7th Cir. 1999). And in any event, Wisconsin has long recognized the crime of attempted first-degree murder, Wis. Stats. §§ 940.01, 939.32(2) (1975); *Norwood v. State*, 246 N.W.2d 801, 807, 814

(Wis. 1976). Third, Staples contends that his 1976, 1978, and 1979 convictions were "closely related" and therefore should have been counted only once. The three offenses are separated by at least ten months each, involved different victims, and penalized different conduct; the assertion that they weren't "committed on occasions different from one another" is frivolous. *See* 18 U.S.C. § 924(e)(1); *United States v. Morris*, 293 F.3d 1010, 1014 (7th Cir. 2002); *United States v. Hudspeth*, 42 F.3d 1015, 1021-22 (7th Cir. 1994) (en banc). Fourth, Staples contends that his civil rights "could [ ] very well" have been restored once his convictions from the 1970s were discharged, and therefore the district court erroneously counted them as predicate offenses. *See* 18 U.S.C. § 921(a)(20). But because Staples presented no evidence that his rights were restored, this argument also fails. *See United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005).

Staples next contends that the district court made several mistakes when calculating his criminal history score. These arguments too must fail. The district court assigned Staples five more points than necessary to place him in the highest criminal history category, *see* U.S.S.G. Ch. 5, Pt. A, so only his arguments about the nine points he received for the convictions in the 1970s could reduce his guidelines imprisonment range. Staples first contends that the three convictions are too old to be counted, but he is wrong. These convictions count so long as Staples was incarcerated within 15 years of the commencement of his social security fraud. *See* U.S.S.G. §§ 4A1.1 cmt. n.1, 4A1.2(e)(1). Staples admitted that his scheme began in 1994, and he was last released, following parole revocations, five years earlier in 1989. *See* U.S.S.G. § 4A1.2(k)(2)(B)(i) (directing use of date of last release following parole revocation to calculate criminal history points). Staples also argues that his three convictions from the 1970s were "related" and should have counted as one crime for purposes of the guidelines, *see* U.S.S.G. § 4A1.2(a)(2), but this contention fails because there is no evidence that the crimes were jointly planned or that one of the crimes entailed the commission of the others. *See United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir. 2000). Lastly, Staples argues that considering these convictions violates the Ex Post Facto Clause since they occurred before the guidelines were in effect. But the sentences under review here punish his fraud and gun possession, which occurred long after the guidelines became effective, not his conduct in the 1970s. *See Nichols v. United States*, 511 U.S. 738, 747 (1994) ("Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction.").

Finally, Staples argues that trial counsel was ineffective because she only reluctantly adopted his *pro se* objections, instead of raising them on her own. We note that a "defendant's lawyer has, it is certainly true, no duty to make a frivolous argument." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). But we will

not address this claim here because a claim of ineffective assistance of counsel is better raised in a collateral proceeding under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

Staples remaining arguments do not merit discussion, and for the foregoing reasons, we AFFIRM.