NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. R. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2008
Decided April 21, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3642

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            *v.*

DARREN WILDER,
            *Defendant-Appellant*.

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 02 CR 431

Rebecca R. Pallmeyer,
*Judge.*

**O R D E R**

Darren Wilder pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court concluded that Wilder was an Armed Career Criminal under 18 U.S.C. § 924(e) and imposed a sentence of 192 months' imprisonment, five years of supervised release, a $100 special assessment, and a $3,000 fine. Wilder appealed, and we vacated the district court's judgment and remanded for resentencing consistent with our decision and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Wilder*, 125 Fed. Appx. 140 (7th Cir. 2005) (unpublished).

On October 3, 2007, the district court resentenced Wilder. The district court again imposed 192 months' imprisonment, five years of supervised release, and a $100 special assessment. This time, it imposed a fine of only $500. Wilder now appeals his sentence for the second time.

Wilder raises only one argument in this appeal. He maintains that the Armed Career Criminal Act is unconstitutional because the prior convictions used to qualify him as an Armed Career Criminal were not alleged in the indictment and proven to a jury beyond a reasonable doubt. Wilder recognizes that we have rejected this argument on multiple occasions; he states that he brings it now only to preserve it for possible Supreme Court review. The Supreme Court has held that prior convictions used to enhance a defendant's sentence are not elements of a crime that must be pled in an indictment and proven to a jury beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998). We have repeatedly stated that we will follow *Almendarez-Torres* until the Supreme Court directs otherwise. *See, e.g., United States v. Johnson*, 495 F.3d 536, 543 (7th Cir.), *cert. denied* 128 S. Ct. 725 (2007); *United States v. Peters*, 462 F.3d 716, 718 (7th Cir. 2006); *United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006). We do the same here.

As a result, the judgment of the district court is AFFIRMED.