**Michael L. ROBINSON, Appellant/Defendant,**

v.

**STATE of Indiana, Appellee/Plaintiff.**

**No. 20A04–0909–CR–530.**

Court of Appeals of Indiana.

Dec. 29, 2009.

Peter D. Todd, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Defendant Michael Robinson appeals following his conviction for Escape, a Class D felony.[1] On appeal, Robinson contends that the trial court erred in denying his motion for discharge after the State failed to bring him to trial within seventy days after receiving notice of his properly filed Motion for an Early Trial pursuant to Indiana Rule of Criminal Procedure 4(B)(1). We reverse.

### FACTS AND PROCEDURAL HISTORY

In late September of 2008, Robinson was accepted into the Elkhart County Community Corrections program. On or about October 27, 2008, Robinson was issued an employment pass to leave the facility. Robinson left the facility but did not return. Following Robinson's failure to return to the Community Corrections facili-

ty, the State charged Robinson with Class D felony escape, and a bench warrant was issued for Robinson's arrest on November 10, 2008.

On March 19, 2009, Robinson filed a *pro se* motion for an early trial pursuant to Criminal Rule 4(B). On March 23, 2009, the trial court set the matter for an initial hearing on April 13, 2009, and issued a transportation order to the Elkhart County Sheriff ("Sheriff") to transport Robinson from his current placement in the Westville Correctional Facility and deliver him to the trial court. The Sheriff failed to transport Robinson for his initial hearing. On April 21, 2009, the trial court rescheduled the matter for an initial hearing on June 1, 2009, and again issued a transportation order to the Sheriff to transport Robinson from the Westville Correctional Facility to the trial court. The Sheriff again failed to transport Robinson for his initial hearing.

On June 8, 2009, the Sheriff transported Robinson from the Westville Correctional Facility to the trial court, and the court conducted an initial hearing. At this hearing, Robinson questioned the timeliness of the hearing in light of his motion for an early trial and was appointed counsel. Later that same day, Robinson filed a Motion for Discharge for failure to prosecute within seventy days pursuant to Indiana Rule of Criminal Procedure 4(B)(1). On June 11, 2009, the trial court denied Robinson's motion, and the matter proceeded to trial at which Robinson was convicted of Class D felony escape. Robinson now appeals.

### DISCUSSION AND DECISION

Robinson contends that the trial court erred in denying his motion for discharge after the State failed to bring him to trial within seventy days after receiving

1. Ind.Code § 35–44–3–5(c) (2008).

notice of his properly filed motion for an early trial pursuant to Indiana Rule of Criminal Procedure 4(B)(1). We agree. Criminal Rule 4(B) provides as follows:

If any defendant held in jail ... shall move for an early trial, he *shall* be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that the trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

Ind.Crim. Rule 4(B)(1) (emphasis added). "Criminal Rule 4(B)'s direction to discharge is mandatory, and 'nothing will prevent the rule's operation save its own exceptions.'" *Paul v. State*, 799 N.E.2d 1194, 1197 (Ind.Ct.App.2003) (quoting *Crosby v. State*, 597 N.E.2d 984, 987 (Ind.Ct.App.1992)).

Where, as here, the parties have presented no disputed facts regarding whether the motion was properly filed pursuant to Criminal Rule 4(B), but rather the dispute at issue is whether the delays that occurred are chargeable to the defendant or to the State, our review is *de novo*.[2] *Hill v. State*, 773 N.E.2d 336, 341 (Ind.Ct.App.2002), *trans. denied; see also Vaughan v. State*, 470 N.E.2d 374, 377 (Ind.Ct.App.1984) (implicitly reviewing an Ind. Criminal Rule 4(B) question about which party was responsible for a delay under a *de novo* standard), *trans. denied.*

■ The record reveals that on March 13, 2009, Robinson filed a *pro se* motion for an early trial pursuant to Criminal Rule 4(B). Robinson was not tried until June 11, 2009, eighty-four days after Robinson filed his request for an early trial. Robinson did not request any delays, and the State's failure to prosecute him within the seventy-day period prescribed in Criminal Rule 4(B) could not be attributed to any action by Robinson. Likewise, neither the State nor the trial court followed the procedures outlined in Criminal Rule 4(B) regarding a continuance for congestion of the court calendar or an emergency, and no order was issued asserting such congestion or emergency existed. We acknowledge the State's argument that it allegedly did everything it could to ensure that Robinson received a timely trial, but are unpersuaded by the same because diligence on the part of the State is not a listed exception to Criminal Rule 4(B). Therefore, we conclude that the escape charges filed against Robinson in the instant matter should be discharged for failure by the State to prosecute within seventy days pursuant to Criminal Rule 4(B). *See Poore v. State*, 685 N.E.2d 36, 41 (Ind. 1997) (providing that the proper remedy is discharge when the State fails to bring a

2. Despite the State's assertion that the underlying facts were in dispute, both parties concede that Robinson filed his motion for an early trial pursuant to Criminal Rule 4(B) on March 13, 2009, and our review of the record and the parties' arguments reveals that the dispute at issue relates to whether the Sheriff's failure to transport Robinson to the trial court fell within one of the exceptions to Criminal Rule 4(B), so to excuse the State's failure to bring Robinson to trial within the prescribed seventy-day time limit.

defendant to trial within Criminal Rule 4(B)'s prescribed seventy-day time limit and none of the Rule's exceptions excuse or explain the delay).

The judgment of the trial court is reversed.

NAJAM, J., and FRIEDLANDER, J., concur.