## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 12 2019, 7:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dakota A.W. Stinson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 12, 2019

Court of Appeals Case No.
18A-CR-2241

Appeal from the Lawrence
Superior Court

The Honorable John M. Plummer III, Judge

Trial Court Cause No.
47D01-1802-F2-228

**Mathias, Judge.**

Dakota Stinson ("Stinson") appeals from Lawrence Superior Court's denial of his Motion for Discharge, arguing that the State failed to bring him to trial within the period mandated by Indiana Criminal Rule 4.

We affirm.

## Facts and Procedural History

On February 9, 2018, Stinson was charged with Level 2 felony burglary and Level 3 felony robbery. Three days later, on February 12, 2018, the trial court held Stinson's initial hearing in conjunction with his co-defendants. The following exchange occurred at Stinson's initial hearing:

> THE COURT: Do any of the four of you have any questions about the charges, your rights, or the possible penalties? Mr. Stinson. Don't say anything about the facts of the case. I don't want you to do anything that would implicate your guilt or innocence.
>
> THE DEFENDANT: I was going to request a speedy and public trial (inaudible).
>
> THE COURT: We'll let the Public Defender's Office know if I appoint them. Oh, no. You didn't ask – yes, you did – for a public defender. And I'm assuming, the State, there will be, therefore, no offers to Mr. Stinson since he's asked for a speedy trial.
>
> [STATE]: That is right, Your Honor.

THE DEFENDANT: I have three witnesses.

THE COURT: I don't care if you've got 25 witnesses.

THE DEFENDANT: (inaudible).

THE COURT: Tell somebody else about it. So the State has acknowledged that it will – there will be no offers related to Mr. Stinson given his request. Now we're not going to make that request effective as of today, Mr. Stinson, because you're going to need to talk to your attorney about it. And then they can file something with the Court.

Tr. pp. 4–5.

[4] A public defender, James Spangler ("Spangler"), was appointed to represent Mr. Stinson the next day, on February 13, 2018. Spangler filed his appearance on February 22, 2018 and appeared on behalf of Stinson at pre-trial conferences held on April 4, April 18, May 7, and May 23 of 2018. Stinson, who was housed at the Lawrence County Jail, was only transported to the April 4 hearing. Spangler stated at the hearings on April 18 and May 23 that Stinson was not requesting a trial date. Tr. pp. 12,18. At no time during his representation of Stinson did Spangler mention his client's request for a speedy trial to the court.

On May 26, 2018, Stinson filed a letter with the court, informing the court that Spangler had "resigned from" his case.[1] Appellant's App. p. 24. He also informed the court that he had learned from his family, not from his counsel, that several pre-trial hearings had taken place.[2] *Id*. Three days later, on May 29, 2018, the State requested a trial date "no later than August 9, 2018." *Id.* at 26.

On June 13, 2018, the trial court held another pre-trial hearing. At this pre-trial hearing, a different public defender, Kristine Kohlmeier ("Kohlmeier"), attended the hearing on behalf of the Public Defender's office. Kohlmeier represented that Spangler was no longer employed by the Public Defender's office, and that the agency was searching for a public defender outside of the agency because of conflicts and the "high level of the charges." Tr. p. 22. The court reminded Kohlmeier, "[t]he clock is ticking against the Defense for Criminal Rule 4 purposes. I want you to know that. That the delay here is certainly not attributable to the State." *Id*. The trial court further admonished her department to "get counsel on board ASAP, okay?" *Id*. at 23. Kohlmeier then declined to schedule a trial date and advised the court that she understood that "all delay under Criminal Rule 4 from this point forward until another trial date is set is attributable to the Defense." *Id.* at 24. The parties then set another hearing for

---

[1] The court was aware that Spangler moved to Texas on May 30, 2018. Tr. p. 42. However, the CCS does not show an entry of withdrawal of appearance for Spangler.

[2] The record shows that Stinson appeared in person with Spangler for the April 4, 2018 pre-trial conference. Tr. p. 8.

July 16, 2018, and the trial court, at the request of the State, noted for the record that Stinson should be transported to court on that date.

[7] On July 5, 2019, the Lawrence County Public Defender Agency appointed Kay Beehler ("Beehler") to serve as a Special Public Defender representing Stinson. On July 9, 2018, Beehler filed her appearance and a Motion to Reduce Bond. The trial court held a hearing on the Motion to Reduce Bond on July 16, 2018. The court denied the request to reduce his bond, but the following exchange occurred between Beehler and the court:

> MS. BEEHLER: Your Honor, and I know this from speaking with Madame Prosecutor here this afternoon. Apparently, Mr. Stinson has had several settings in this court for which he's not been transported. And I don't know why. It was way before my time.
>
> THE COURT: Well, he- let me explain here while we have the tape recorder running. The – due to the number of incarcerated people in this county, when a court sets a pretrial conference, we leave it up to the defense attorney to let the Court know whether they would like to have the Defendant transported. And if the Defense lawyer does not ask for that, then the Court assumes that the Defendant is not needed.
>
> MS. BEEHLER: Sure. Sure.
>
> THE COURT: So we let Defense counsel tell us whether or not the Defendant-
>
> MS. BEEHLER: Okay.

THE COURT: -should be transported.

MS. BEEHLER: Well, apparently, prior counsel did not ensure that he was brought here.

THE COURT: That has been a problem. I will tell you right now on the record. It has been a lengthy problem with the Lawrence County Public Defender Agency. And you can take that up with Mr. Shircliff as to why. But nonetheless, finish your argument, please.

Tr. p. 36.

[8] The parties then turned to the court's calendar. The Court suggested that Stinson's trial be combined with a co-defendant's trial that was set for speedy trial on August 29, 30, and 31. Beehler objected to a joint trial. The court had a two-week murder trial beginning on July 23, 2018. Immediately after that trial, beginning on August 7, 2018, the court was set for a four-and-a-half-week murder trial. The court then had a mandatory conference in the beginning of September and was set for another high-level felony trial the following week. The court also had a second option set for that same week. The court also offered to bump the second setting on September 26 for this matter because the other defendant was not in jail; however, Beehler planned to be out of the country between September 20 and October 4, 2018. At the conclusion of the hearing, and noting court congestion, the court ultimately set this matter for the third setting on September 12, 13, and 14 and denied Stinson's request to reduce the bond.

[9] On July 19, Stinson, through Beehler, filed a Motion for Discharge pursuant to Indiana Criminal Rule 4(B) as well as a supporting memorandum. The State filed its response on July 24, 2018. Stinson filed a rebuttal on July 27, and, on August 2, the trial court denied Stinson's request for discharge. Stinson then requested that the trial court certify the matter for interlocutory appeal, which the trial court granted after a brief hearing on August 29. Our court agreed to hear the matter, and the trial court stayed all proceedings during the appeal.

## Discussion and Decision

[10] Indiana Criminal Rule 4(B) provides, in relevant part, as follows:

> If any defendant held in jail . . . shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

[11] The broad goal of Criminal Rule 4 is to provide functionality to a defendant's fundamental and constitutionally protected right to a speedy trial. *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012). "It places an affirmative duty on the State to bring the defendant to trial, but at the same time is not intended to be a mechanism for providing defendants a technical means to escape prosecution." *Austin v. State*, 997 N.E.2d 1027 (Ind. 2013). When a defendant requests a speedy trial pursuant to Criminal Rule 4, the matter:

must be assigned a meaningful trial date within the time prescribed by the rule, if necessary superseding trial dates previously designated for civil cases and even criminal cases in which Criminal Rule 4 deadlines are not imminent. We recognize, however, that emergencies in either criminal or civil matters may occasionally interfere with this scheme. Similarly, there may be major, complex trials that have long been scheduled or that pose significant extenuating circumstances to litigants and witnesses, which will, on rare occasions, justify application of the court congestion or exigent circumstances exceptions.

*Id*. (quoting *Clark v. State*, 659 N.E.2d 548, 551–52 (Ind. 1995)). "Crim. Rule 4(b)'s direction to discharge is mandatory and 'nothing will prevent the rule's operation save its own exceptions.'" *Paul v. State*, 799 N.E.2d 1194, 1197 (Ind. Ct. App. 2003) (quoting *Crosby v. State*, 597 N.E.2d 984, 987 (Ind. Ct. App. 1992)). However, courts recognize that a 4(B) motion "does not necessarily present a bright-line approach whereby all other cases must yield to the defendant who files a speedy trial motion." *Austin,* 997 N.E.2d at 1040.

[12] Once counsel is appointed, a defendant speaks to the court through counsel. *Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000). In the absence of a proper request to proceed pro se, requiring a trial court to respond to both defendant and counsel "would effectively create a hybrid representation to which Defendant is not entitled." *Id.*

[13] Stinson argues that he made his request for speedy trial at the initial hearing. He further argues on appeal that the State did not make any attempt to "expedite prosecution" until Stinson filed a letter with the court on May 26,

2018, well after the seventy-day deadline had passed. In support, Stinson relies on *Robinson v. State*, 918 N.E.2d 692 (Ind. Ct. App. 2009). In that case, Robinson filed a pro se motion for a speedy trial in accordance with Criminal Rule 4(B); however, he was not tried until eighty-four days after his request for a speedy trial although he did not make any requests for continuances or cause other delays. *Id.* at 694. Ultimately, Robinson was discharged pursuant to Criminal Rule 4(B).

[14] The State argues that Stinson was represented by counsel and that he spoke to the court through counsel, making any delay attributable to him. The State relies on *Underwood v. State* in support. 722 N.E.2d 828 (Ind. 2000). Underwood argued that he was entitled to discharge under Crim. R. 4(B) because he was not tried within the appropriate time frame because his counsel requested a continuance to which Underwood objected. *Id.* at 832. On review, our supreme court noted that the trial court was under no obligation to respond to Underwood's objection to his own counsel's request for continuance as this would "effectively create a hybrid representation to which Defendant is not entitled." *Id.*

[15] Here, the trial court did not accept Stinson's initial pro se request for a speedy trial until after he had the opportunity to discuss with counsel. Once counsel was appointed, he appeared on Stinson's behalf, made several requests to continue, and made no further mention of a request for speedy trial. As such, the delay, assuming we were to accept the request made at the initial hearing,

cannot be attributable to the State. Even if we were to accept this request on appeal, Stinson, through counsel, then made several requests for continuances in the following months.

[16] Analyzing Stinson's second pro se request for a speedy trial, even if we were to require the trial court accept it because the public defender agency was searching for new counsel for him, any further delay again is not attributable to the State. Three days after Stinson once again told the court pro se he wanted a speedy trial, the State filed a request for a trial date "no later than August 9, 2018." Appellant's App. p. 26. At the next hearing on June 13, 2018, the trial court made an attempt to schedule a trial date pursuant to the State's request, and the public defender, who had not filed an appearance on Stinson's behalf but was covering the hearing, declined to schedule a trial date and accepted responsibility for any delay on behalf of the defense from that point forward.

[17] While Stinson made two pro se attempts to request a speedy trial, once at the initial hearing and the other in his May 26 letter once Spangler resigned, he is bound by the actions of his attorneys. We are dismayed by the delays incurred due to a lack of attention to the matter by both the public defender's office and the trial court. However, as the delay is attributable to Stinson through the action and inaction of counsel, his remedy, if any, is not through the workings of Criminal Rule 4(B).

# Conclusion

[18] Because any delay in this matter is attributable to the defense, and not to the State, we affirm the trial court's denial of Stinson's request for discharge pursuant to Criminal Rule 4(B).

Vaidik, C.J., and Crone, J., concur.